UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEVIN T. MADDISON, individually and on behalf of
all other persons similarly situated,

## CLASS ACTION COMPLAINT

Plaintiffs,

Case No 5:17-cv-359 (LEK/ATB)

-against-

COMFORT SYSTEMS USA (SYRACUSE), INC,
d/b/a ABJ FIRE PROTECTION CO., INC.

Defendant.
------------------------------------------------------------------X

Plaintiff, on behalf of the putative class by his attorneys, Beranbaum Menken LLP, allege as follows:

## NATURE OF THE ACTION

1. This action is brought on behalf of the Plaintiff, and a putative class of laborers, workmen and mechanics who furnished labor to Defendant Comfort Systems USA (Syracuse), Inc., d/b/a ABJ Fire Protection Co., Inc.(hereinafter "Comfort Systems" or "Defendant"), and/or any other entities affiliated with or controlled by Defendant on public works projects. Plaintiff seeks to recover federal and state required overtime payments he and the putative class were entitled to and did not receive, for hours they worked on public works projects in excess of 40 in a week, as well as New York State mandated "prevailing wages" which he and members of the putative class were entitled to receive for work they performed but did not receive.

2. Plaintiff and the putative class were employed doing various types of electrical work including, *but not limited to*, installing, maintaining, inspecting, testing, repairing and/or

replacing fire alarm and security system equipment.

3. This action is brought to recover unpaid overtime and prevailing wages owed to Plaintiff and the putative class of Comfort Systems employees, as well as for declaratory relief against Defendant's unlawful actions, and to recover attorneys' fees, liquidated damages, interest and costs.

4. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees of Comfort Systems who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. Sec. 201 *et seq.* and specifically the collective action provision of the FLSA, 29 U.S.C. Sec. 216(b), to remedy violations of the wage and hour provisions of the FLSA by the Defendant that has deprived Plaintiff and the putative class of their lawful wages.

5. Plaintiff also brings this action on behalf of himself and the putative class - a class of similarly situated current and former employees of Comfort Systems, who are owed unpaid prevailing wages and were third party beneficiaries of contracts between Defendant and various government agencies, pursuant to Fed.R.Civ.P. 23, for breach of said contracts.

## PARTIES

6. Plaintiff is a former employee of Comfort Systems and a resident of Fulton, New York.

7. The named Plaintiff and the other members of the putative class are individuals who are or were laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law, and who worked on public works, frequently for more than 40 hours in a week, pursuant to contracts between Comfort Systems and/or other subsidiaries, affiliates and joint ventures of this entity, and the State of New York, a public benefit corporation, municipal corporation, or a

commission appointed pursuant to law.

8. Defendant Comfort Systems is a New York corporation with a principal place of business in Syracuse, New York.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, as there is federal question jurisdiction based on Plaintiff's FLSA claims and supplemental jurisdiction of Plaintiff's third party beneficiary breach of contract claims because they arise from the same nucleus of operative facts of the federal claims and form part of the same case or controversy under Article III of the United States Constitution.

## CLASS ALLEGATIONS

10. Plaintiff brings his FLSA claims on behalf of himself and all similarly situated individuals who work or have worked for Defendant performing various types of electrical work including, *but not limited to*, installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm and security system equipment on public works jobs and who did not receive overtime pay at time and one-half the prevailing rate of pay for all hours worked in excess of forty in a week in violation of the FLSA.

11. Defendant Comfort Systems is liable under the FLSA for failing to properly compensate Plaintiff and the putative class, and as such, notice should be sent to this FLSA class. There are numerous similarly situated current and former employees of Defendant who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join. ("FLSA Opt In Class").

12. Plaintiff also brings claims for third party beneficiary breach of contract on his own behalf and on behalf of a class of individuals who were third party beneficiaries of contracts

between Comfort Systems and various government entities, and who are owed prevailing wages due to Comfort Systems' breach of those contracts. ("Third Party Beneficiary Rule 23 Class").

13. This action is properly maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

14. This action is brought on behalf of Plaintiff and a class consisting of all laborers, workmen and mechanics who performed work for Comfort Systems on public works projects from March 30, 2011 to the entry of judgment in this case (the "class" and "class period," respectively).

15. The persons in the class identified above are so numerous that joinder of all members is impracticable.

16. There are questions of law and fact common to the class which predominate over any questions affecting only individual members.

17. The claims of Plaintiff are typical of the claims of the putative class.

18. Plaintiff and his counsel will fairly and adequately protect the interests of the class.

19. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. This is particularly true in the context of wage and hour litigation where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit against large corporate defendants such as Comfort Systems.

20. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   a). whether Comfort Systems entered into certain contracts with various government agencies, to furnish the necessary labor, material and equipment to perform work upon the public work projects;

b). whether Comfort Systems paid Plaintiff and the putative class the prevailing rates of wages and supplements due them and all workers furnishing labor on the sites of the public works projects.

c). whether Comfort Systems failed to keep true and accurate time records for all hours and locations worked by Plaintiff and the putative class;

d). whether Plaintiff and the putative class were third party beneficiaries of the contracts between Comfort Systems and/or other subsidiaries, affiliates and joint ventures of this entity, and the State of New York, a public benefit corporation, municipal corporation, or a commission appointed pursuant to law.

**INDIVIDUAL FACTS**

21. Comfort Systems' employees provide service to integrated fire and security alarm systems to both public and private customers in the northern and western part of New York State. More specifically, Comfort Systems and its employees install, program, maintain, inspect and test these systems that are attached and incorporated as part of the buildings where they are located.

22. During the class period, Comfort Systems entered into certain contracts, as either a subcontractor or prime contractor, with the State of New York, public benefit corporations, municipal corporations, townships or commissions appointed pursuant to law, or with prime contractors not currently known, to furnish labor, material and equipment to perform work on these public works projects.

23. The public works contracts, as a matter of fact or by operation of law, required that Comfort Systems pay and ensure payment of the prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects, including their direct

employees and all other persons furnishing labor on the sites of the public works projects.

24. The public works contracts also provided, as a matter of fact or by operation of law, that any subcontracts that Comfort Systems entered into contain language requiring the payment of prevailing rates of wages and supplements to all workers furnishing labor on the sites of the public works projects.

25. As required by law, a schedule containing prevailing rates of wages and supplemental benefits ("prevailing wage schedule") to be paid to the plaintiff class should have been annexed to and formed a part of the public works contracts. If not annexed to the public works contracts, these schedules were expressly or impliedly incorporated into the contracts as a matter of law and/or public policy.

26. The promise to pay and ensure payment of the prevailing wage and supplemental benefit rates in the public works contracts was made for the benefit of all workers furnishing labor on the sites of the public works projects and, as such, the workers furnishing labor on the sites of the public works projects are the beneficiaries of that promise and the contracts entered into between Comfort Systems and government agencies.

27. In furtherance of the public works contracts entered into by Comfort Systems, Plaintiff and other members of the putative class performed various types of electrical work including, *but not limited to*, installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm and security system equipment.

28. Upon information and belief, for all work performed by Plaintiffs and other members of the putative class for Comfort Systems on public works projects, Comfort Systems willfully failed to pay Plaintiff and other members of the putative class the prevailing rates of wages and supplements to which they were entitled.

29. Upon information and belief, for all work performed by Plaintiffs and other members of the putative class for Comfort Systems on public work projects, Comfort Systems willfully failed to pay Plaintiff and other members of the putative class overtime pay at time and one-half the lawful prevailing wage rate to which they were entitled and in violation of the Fair Labor Standards Act.

30. Plaintiff Kevin T. Maddison was employed by Comfort Systems from May 2011 to May 2015.

31. Plaintiff worked on many public job sites, such as various public school buildings, community colleges, libraries and county buildings, including but not limited to Tompkins Community College and Mt. Markham Central School District buildings. Plaintiff was not paid prevailing wages for that work on these public works.

32. Plaintiff often worked in excess of 40 hours in a week and was not paid prevailing wages and overtime pay at the lawful prevailing wage rate, in violation of the Fair Labor Standards Act.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT

**(Brought on Behalf of Plaintiff and the FLSA Class Members)**

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 32 herein.

34. Comfort Systems violated the FLSA, FLSA, 29 U.S.C. § 207(a)(1) by failing to pay Plaintiff and the other members of the putative class one and a half times the required prevailing wages for the hours worked greater than 40 in a week.

35. This failure to pay overtime at the statutorily-required rate was willful.

36. As a result, Comfort Systems is liable to Plaintiff and the other members of the putative class in an amount to be determined for unpaid overtime, interest, liquidated damages, and attorneys' fees.

## SECOND CAUSE OF ACTION

### BREACH OF CONTRACT (On Behalf of Plaintiff and Rule 23 Class)

37. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 36 herein.

38. Upon information and belief, the public works contracts entered into by Comfort Systems contained, as a matter of fact or by operation of law, schedules of the prevailing rates of wages and supplemental benefits to be paid Plaintiff and the other members of the putative class.

39. Those prevailing rates of wages and supplemental benefits were made a part of the public works contracts for the benefit of the Plaintiff and the other members of the putative class.

40. Comfort Systems breached the public works contracts by failing to pay Plaintiff and the other members of the putative class the prevailing rates of wages and supplemental benefits for all labor performed upon the public works projects.

41. As a result of its breach of the public works contracts, Comfort Systems is liable to Plaintiff and the other members of the putative class for the value of the prevailing wages, supplements, and interest.

## SECOND CAUSE OF ACTION (Pled in the Alternative)

### QUANTUM MERUIT (On Behalf of Plaintiff and Rule 23 Class)

42. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 40 herein.

43. Plaintiff and the other members of the putative class have performed numerous and

valuable services at the request and for the benefit of Comfort Systems. Plaintiff and the other members of the putative class were not paid the reasonable value of those services.

44. As a result, Comfort Systems is liable to Plaintiff and the other members of the putative class for the reasonable value of those services, less the non-prevailing wages already paid, plus interest.

### THIRD CAUSE OF ACTION (Pled in the Alternative)

### UNJUST ENRICHMENT (On Behalf of Plaintiff and Rule 23 Class)

45. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 43 herein.

46. Plaintiff and members of the putative class have performed a significant amount of work for which they have not been properly paid.

47. When Comfort Systems entered into the public works contracts, it agreed, as a matter of fact or by operation of law, to pay the required prevailing wage, overtime and supplemental benefit rates of pay to Plaintiff and members of the putative class.

48. Upon information and belief, the amounts paid to Comfort Systems by the public customer for labor performed by Plaintiff and members of the putative class was based on the higher prevailing, overtime and supplemental benefit rates, which Comfort Systems did not pay.

49. As a result of this failure to pay said wages, Comfort Systems was unjustly enriched for work and services performed by Plaintiff and members of the putative class.

WHEREFORE, Plaintiff demands judgment:

a. On their first cause of action, against defendant Comfort Systems, in an amount to be determined by a jury, plus interest;

b. On their second cause of action, against defendant Comfort Systems, in an amount to be determined by a jury, plus interest;

c. On their third cause of action, against defendant Comfort Systems, in an amount to be determined by a jury, plus interest;

d. On their fourth cause of action, against defendant Comfort Systems, in an amount to be determined by a jury, plus attorneys' fees and interest;

e. On their fifth cause of action, against defendant Comfort Systems, in an amount to be determined by a jury, plus attorneys' fees and interest; and

f. Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 30, 2017

BERANBAUM MENKEN LLP

By: ____Jason Rozger /s/_____
Jason J. Rozger
Bar Roll # 105874
80 Pine Street, 32nd Floor
New York, NY 10005
Tel. (212) 509-1616
Fax (212) 509-8088
jrozger@nyemployeelaw.com