UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN T. MADDISON and DAVID WALTON,
individually and on behalf of
all other persons similarly situated,

Plaintiffs,

Case No. 17 CV 359 (LEK)(ATB)

-against-

COMFORT SYSTEMS USA (SYRACUSE), INC,
d/b/a ABJ FIRE PROTECTION CO., INC.

Defendant.
-----------------------------------------------------------------X

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Dated: New York, New York
June 4, 2019

BERANBAUM MENKEN LLP

By: ____/s/__________
Jason J. Rozger
Bar Roll # 105874
80 Pine Street, 33rd Floor
New York, NY 10005
Tel. (212) 509-1616
Fax (212) 509-8088
jrozger@nyemployeelaw.com

ATTORNEYS FOR PLAINTIFFS AND PROPOSED CLASS

**TABLE OF AUTHORITIES** ii

**I. INTRODUCTION** 1

**II. PROCEDURAL HISTORY** 1

**III. ARGUMENT**

**A. DEFENDANT'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED** 2

**1. The New York Prevailing Wage Law** 2

**2. Plaintiffs Have Valid Claims for their Unpaid Prevailing Wages on a Third Party Beneficiary Theory, Without Regard to the Contract Language** 4

**3. Defendant's Claim That Prevailing Wages Are Not Owed for Testing and Inspection Work is Frivolous** 7

**4. Plaintiffs' Quasi-Contract Claims Should Not Be Dismissed** 7

**B. PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE GRANTED** 8

**1. Plaintiffs Have Met Their Modest Burden** 8

**2. The Statute of Limitations Does Not Prevent Conditional Certification** 9

**3. The Court Should Authorize Notice** 11

**IV. CONCLUSION** 12

## TABLE OF AUTHORITIES

**Cases**

*Austin v. City of N.Y.*, 258 N.Y. 113 (N.Y. 1932) .............................................................. 2

*Bridgestone/Firestone, Inc. v. Hartnett,* 572 N.Y.S.2d 770 (3d Dep't 1991)...................... 2

*Bucci v. Vill. of Port Chester,* 292 N.Y.S.2d 393 (N.Y. 1968)........................................... 2

*Cox v. NAP Constr. Co.,* 10 N.Y.3d 592 (2008)................................................................. 5

*Strong v. American Fence Construction Co.,* 245 N.Y. 48 (1927)...................................... 5

*Fata v. S.A. Healy Co.*, 289 N.Y. 401, 406 (1943)............................................................ 3

*Hernandez v. NJK Contractors, Inc*., No. 09CV4812(ARR)(VMS), 2013 WL 12363005 (E.D.N.Y. Feb. 12, 2013)......................................................................... 6

*Johnson v. Carlo Lizza & Sons Paving, Inc.,* 160 F. Supp. 3d 605 (S.D.N.Y. 2016).......... 7

*Martinez v. Midtown Cleaner, Inc.*, No. 13 CIV. 2644 LGS, 2013 WL 5807178 (S.D.N.Y. Oct. 29, 2013)................................................................................... 10

*Moore v. Eagle Sanitation, Inc.,* 276 F.R.D. 54 (E.D.N.Y. 2011)...................................... 10

*PAL v. Sandal Wood Bar N Grill,* No. 14-CV-00301 TPG, 2015 WL 237226 (S.D.N.Y. Jan. 15, 2015). ................................................................................ 11

*Ramos v. SimplexGrinnell LP,* 740 F.3d 852 (2d Cir. 2014)............................................... 4

*Ramos v. SimplexGrinnell LP,* 773 F.3d 394, 396 (2d Cir. 2014)....................................... 3, 11

*Ramos v. SimplexGrinnell LP*, 24 N.Y.3d 143, 21 N.E.3d 237 (N.Y. 2014)........................ 5, 7

*Riech v. Waldbaum, Inc.,* 52 F.3d 35, 39 (2d Cir. 1995).................................................... 11

*Schwerdtfeger v. Demarchelier Mgmt., Inc*., No. 10 CIV.7557 JGK, 2011 WL 2207517 (S.D.N.Y. June 6, 2011)........................................................................... 10

*Seidel v. Hoffman*, No. 09-CV-4027, 2012 WL 3064153 (E.D.N.Y. July 26, 2012)........... 5

*Singh v. Zoria Hous., LLC,* 163 A.D.3d 1025, 83 N.Y.S.3d 488 (2d. Dept. 2018)............. 6

*Solomon v. Adderly Indus. Inc.,* 847 F. Supp. 2d 561 (S.D.N.Y. 2012).............................. 10

*Tenalp Const. Co. v. Roberts*, 141 A.D.2d 81 532 N.Y.S.2d 801, 804 (2d Dept. 1988)..... 3

*Twin State CCS Corp. v. Roberts*, 72 N.Y.2d 897, 899 (1988)........................................... 3

*Varsity Transit v. Saporita*, 98 Misc. 2d 255 (Sup. Ct. Kings Cty.1979)............................ 3

*Wright v. Herb Wright Stucco, Inc.*, 72 A.D.2d 959 (4th Dept. 1979)................................. 3

*Wroble v. Shaw Envtl. & Infrastructure Eng'g of New York, P.C.*, 166 A.D.3d 520, 88 N.Y.S.3d 21 (1st Dept. 2018) ............................................................................. 6

*Yahraes v. Rest. Assocs. Events Corp.,* 2011 WL 844963, (E.D.N.Y. Mar. 8, 2011).......... 11

**Federal Regulation**

29 C.F.R. § 785.38............................................................................................... 11

**N.Y. Statute**

New York Labor Law § 220............................................................................*passim*

## I. INTRODUCTION

There can be no doubt that Defendant violated the New York Labor Law, § 220 by failing to pay prevailing wages for fire alarm and sprinkler testing and inspection work, and violated the Fair Labor Standards Act and the New York Labor Law by failing to credit intra-day travel time towards overtime pay. (Exhibits 1-3). Lacking a defense on the merits, Defendant instead burdens this court with meritless motions and obstructive, dilatory discovery tactics. Their summary judgment motion, wherein Defendant attempts to immunize itself from the Prevailing Wage Law though unlawful contract language it inserted into its own contracts, is wholly without merit, and is in keeping with this pattern. Defendants also offer no meritorious argument that Plaintiffs are not entitled to send a collective action notice, pursuant to the Fair Labor Standards Act (FLSA).

## II. PROCEDURAL HISTORY

Plaintiff Kevin Maddison filed this case on March 30, 2017, seeking redress for Defendant's failure to pay prevailing wages and overtime pay. Defendant's motion to dismiss the First Amended Complaint was in the main denied by the Court on February 1, 2018 (docket entry # 19), and Defendant's motion to dismiss part of the Second Amended Complaint is pending, although Plaintiffs contend (docket # 59) that motion is in reality an untimely objection to Magistrate Baxter's August 24, 2018 order (docket # 46). Although this case was filed as a proposed class action, Defendant in this case has steadfastly refused to provide any classwide payroll data which would allow the Plaintiffs to determine the size, composition, and damages for the class, as well as the other factors requires under Rule 23. *See, e.g.,* docket # 57, 63. This is despite the fact that the necessary data already exists in electronic form that would be of little

burden to produce. *See* Docket # 79. This is consistent with Defendant's strategy of denying Plaintiffs' relevant discovery, and then opposing Plaintiffs by arguing their complaints lack specificity.

## III. ARGUMENT

### A. DEFENDANT'S SUMMARY JUDGMENT MOTION SHOULD BE DENIED

#### 1. The New York Prevailing Wage Law

The Plaintiffs' right to be paid prevailing wages is not just a matter of the New York Labor Law, but is enshrined in the New York State Constitution, which provides that laborers, workers and mechanics engaged in "any public work" cannot "be paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used" (NY Const, art I, § 17). The prevailing wage law that gives effect to this constitutional provision, N.Y. Labor Law § 220, is remedial legislation to be construed liberally in favor of the workers whom it is designed to protect. "The Labor Law's prevailing wage requirement reflects a strong public policy in this State and the statute is to be liberally construed to effectuate its beneficent purposes." *Bridgestone/Firestone, Inc. v. Hartnett*, 572 N.Y.S.2d 770, 772 (3d Dep't 1991) (citation omitted); *see also Bucci v. Vill. of Port Chester*, 292 N.Y.S.2d 393, 397 (N.Y. 1968) ("[S]ection 220 must be construed with the liberality needed to carry out its beneficent purposes"); *Austin v. City of N.Y.*, 258 N.Y. 113, 117 (N.Y. 1932) ("The present statute is an attempt by the State to hold its territorial subdivisions to a standard of social justice in their dealings with laborers, workmen and mechanics. It is to be interpreted with the degree of liberality essential to the attainment of the end in view.")

The prevailing wage law's liberal construction and protective purpose, as well as long-

settled principles of contract law, lead courts to enforce the law even when the contracting agencies and employers do not adhere to its provisions in their contracts. Long ago the Court of Appeals stated that Section 220 "governs the contract and the rights of the parties, whether actually incorporated into the writing or not, since all contracts are assumed to be made with a view to existing laws on the subject." *Fata v. S.A. Healy Co.*, 289 N.Y. 401, 406 (1943)(citation omitted); *see also Twin State CCS Corp. v. Roberts*, 72 N.Y.2d 897, 899 (1988) ("the failure to annex the PRS [prevailing rate schedule] to the work specifications did not relieve petitioner of its obligation to pay prevailing wages").[1]

Another important principle of construction relates to the scope of work and type of worker covered by the prevailing wage law. The statute defines neither "public work" nor "laborers, workmen or mechanics." However, consistent with the broad, remedial purposes of the statute, the courts have construed these terms liberally, and the same liberal construction should govern the disposition of the instant motion in favor of plaintiffs here. "Public work" includes "construction, replacement, maintenance, and repair of public works." *Tenalp Const. Co. v. Roberts*, 141 A.D.2d 81 532 N.Y.S.2d 801, 804 (2d Dept. 1988) (quoting *Varsity Transit v. Saporita*, 98 Misc. 2d 255, 259, 260, *aff'd*, 48N.Y.2d 910 (1979)); see also *Ramos v. SimplexGrinnell LP,* 773 F.3d 394, 396 (2d Cir. 2014) (holding that testing and inspection work subject to § 220's prevailing wage requirements, even before the January 1, 2010 DOL opinion

---

[1]Defendant may claim that these cases are irrelevant because they arose in the context of New York State Department of Labor ("DOL") enforcement actions. This is untrue; the common-law remedy the Plaintiffs rely on in this case pre-dated the existence of the DOL enforcement mechanism, and there is nothing in the statute that favors one remedy over the other. *See Wright v. Herb Wright Stucco, Inc.*, 72 A.D.2d 959, 960, 422 N.Y.S.2d 253, 254 (4th Dept. 1979), *rev'd and adopting dissent on appeal,* 50 N.Y.2d 837, 407 N.E.2d 1348 (N.Y. 1980).

letter).

**2. Plaintiffs Have Valid Claims for their Unpaid Prevailing Wages on a Third Party Beneficiary Theory, Without Regard to the Contract Language**

Defendant cites language in some prevailing wage contracts produced in the course of discovery in this case that shortens the statute of limitations period and disclaims third party beneficiary claims. Defendant argues that the presence of that contact language immunizes them from liability under a third-party beneficiary contract theory, and cite non-prevailing wage third party beneficiary cases upholding similar clauses[2]. This argument evinces a fundamental misunderstanding of the elements of a third party beneficiary claim implicating Labor Law § 220, and ignores the public policy implicated by such claims. In addition to the public policies implicated, § 220 third party beneficiary cases differ from other third-party contract beneficiary cases is that in a § 220 case, the terms of the contract that cause the third parties to be beneficiaries are incorporated into the contract as a matter of law. Labor Law § 220(3)(a) provides that public works contracts "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the wages herein provided." Thus, it does not matter whether the contracts between Defendant and its public customers contain language requiring the payment of prevailing wages to Plaintiffs or not. *See Ramos v. SimplexGrinnell LP,* 740 F.3d 852, 855 (2d

[2]Not all of the limited number of public works testing and inspection contracts produced by Defendant disclaim prevailing wages. The Gurnsey Memorial Library testing and inspection contract, signed on October 14, 2014, provides that "[t]his proposal amount is based on prevailing wage rates" (exhibit 4, p. 3) as does the testing and inspection contract for the Binghamton State Office Building (exhibit 5, p. 2, ¶7) . In addition, the affidavit Defendant submits does not state that it has provided or examined *all* of the contracts on which Plaintiffs worked. (Docket # 87-1).

Cir. 2014) (section 220 "states that every public works contract must provide that all laborers employed by the contract will be paid prevailing wages.")

In addition, the New York Court of Appeals held that, as a matter of New York law, "the fact that the contractual provisions at issue were inserted in order to comply with statutes does not alter plaintiffs' status as third-party beneficiaries." *Cox v. NAP Constr*. Co., 10 N.Y.3d 592, 602 (2008). The court quoted *Strong v. American Fence Construction Co.*, 245 N.Y. 48, 53 (1927) (Cardozo, C.J.): "A beneficiary of the promise, a laborer or materialman for whose protection it was given, has a right of action for the damages resulting from the breach (Lawrence v. Fox, 20 N.Y. 268; Seaver v. Ransom, 120 N.E. 639). The promise was exacted by the promise in fulfillment of a legal duty. It was exacted for the very purpose of assuring to the plaintiff and to others similarly situated the benefit of the security established by the statute." *Cox*, 10 N.Y.3d at 602 (emphases in original). It is no defense for an employer to claim the contract says otherwise, or that the parties to the contract were mistaken about the requirement to pay prevailing wages:

> An agreement to comply with a statute is an agreement to comply with it as correctly interpreted, whether or not the correct interpretation was known to the parties at the time of contracting. This is particularly clear where, as here, a contractual clause agreeing to comply is required by the statute itself (see Labor Law § 220 [2] ). The legislature surely meant that the parties must agree to comply with the law as correctly understood, not as the parties may have misunderstood it.

*Ramos v. SimplexGrinnell LP*, 24 N.Y.3d 143, 148, 21 N.E.3d 237, 239 (N.Y. 2014). Thus, if § 220 requires that public work be paid prevailing wages, the contractor may not avoid liability based on the presence or absence of contract language.

The principal case relied upon by Defendant on this point, *Seidel v. Hoffman*, No. 09-CV-

4027, 2012 WL 3064153 (E.D.N.Y. July 26, 2012) pre-dates the Second Circuit and Court of Appeals decisions in *Ramos.* This was recognized by *Hernandez v. NJK Contractors, Inc*., No. 09CV4812(ARR)(VMS), 2013 WL 12363005, at *8 (E.D.N.Y. Feb. 12, 2013), which declined to follow *Seidel* in light of the *Ramos* decisions.

In light of § 220(3)(a)'s mandatory language, and the substantial public policy favoring workers' right to vindicate their entitlement to receive prevailing wages, it is no surprise that the court in *Wroble v. Shaw Envtl. & Infrastructure Eng'g of New York, P.C.*, 166 A.D.3d 520, 88 N.Y.S.3d 21, 23 (1st Dept. 2018) held that the same kind of contract language Defendant relies on in this case was unenforceable. In that case, the employer had inserted contract language prohibiting third party beneficiary rights, and the court held that, for the same public policy reasons outlined above, "the contract clause prohibiting third-party actions for violation of prevailing wage payments would be void as against public policy." *Id.,* 166 A.D.3d at 521.[3]

Similarly, in *Singh v. Zoria Hous., LLC,* 163 A.D.3d 1025, 1026, 83 N.Y.S.3d 488 (2d. Dept. 2018), the Appellate Division held that contract language requiring exhaustion of administrative remedies would not be enforceable against a prevailing wage plaintiff asserting a third party beneficiary claim. Thus, it is clear that New York courts will not enforce contract language that restricts the right of employees to recover their prevailing wages. For the same reasons, Defendant's claim that the shortened statute of limitations - a clause of which Plaintiffs and the proposed class were unaware - would preclude Plaintiffs' claims is void as against public policy.

[3]Defendant relies on such clauses in this case, def. brief p. 10, yet does not alert the Court to this binding and contrary authority.

Defendant's claim that Plaintiffs' claims fail because the contracts do not contain language explicitly requiring prevailing wages similarly fails. Labor Law § 220(3)(a) requires that language be a part of every prevailing wage contract. To allow Defendant to immunize itself from the Labor Law by explicitly violating that section goes against the foundations and purposes of the prevailing wage law, to say nothing of the New York State Constitution. Thus, each of the contracts contains the required language by operation of law. *See Ramos*, 740 F.3d at 855.

### 3. Defendant's Claim That Prevailing Wages Are Not Owed for Testing and Inspection Work is Frivolous

Incredibly, Defendant claims, based on a 1937 Court of Appeals case and an opinion letter from 2009, that fire alarm and sprinkler testing and inspection work is not required to be paid prevailing wages. Defendant ignores the January 1, 2010 DOL opinion letter that held that fire alarm and sprinkler testing and inspection work is subject to prevailing wage, *see Ramos,* 740 F.3d at 854, and that the New York Court of Appeals had clarified that testing and inspection work had always been covered by § 220, even prior to January 1, 2010. *Ramos v. SimplexGrinnell LP.,* 24 N.Y.2d 143, 21 N.E.3d 237 (N.Y. 2014). The DOL and the *Ramos* case definitively put to rest this question, and Defendant makes no argument to the contrary, but simply pretends this authority does not exist. Its motion on this point is frivolous.

### 4. Plaintiffs' Quasi-Contract Claims Should Not Be Dismissed

Although Defendant is correct that a party may not recover on both contract and quasi-contract causes of action, in a prevailing wage action at this stage in the proceedings it is permissible for Plaintiffs to plead and maintain those claims in the alternative. *See Johnson v. Carlo Lizza & Sons Paving, Inc.,* 160 F. Supp. 3d 605, 617 (S.D.N.Y. 2016) ("a party may state

as many separate claims or defenses as it has, regardless of consistency....It may turn out that the contracts... do not actually cover this dispute. In that circumstance, plaintiffs' alternative pleadings in quasi-contract will prove to have been essential to recovery") (citations omitted).

It is also inconsistent of Defendant to move for summary judgment on Plaintiffs' breach of contract causes of action, yet seek to dismiss Plaintiffs' quasi-contract causes of action because they cannot recover on both claims. Defendant does not assert, and provide no authority to support, the notion that the value of Plaintiffs services under a *quantum meruit* theory couldnot be the value of the prevailing wages that should have been paid, or that Defendant was not unjustly enriched by undercutting their competition by charging their customers less than the required prevailing wages. For all of these reasons, Defendant's motion in this respect should be denied.

**B. PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION SHOULD BE GRANTED**

**1. Plaintiffs Have Met Their Modest Burden**

As set forth in Plaintiffs' initial brief, p. 5-7, Plaintiffs have a modest burden to carry in order to show the existence of similarly-situated individuals who should receive notice of this case. Plaintiffs have no obligation, as Defendant alleges, to provide affidavits from other opt-in class members, to identify other employees by name, or to provide payroll or other similar evidence of when those employees suffered FLSA violations. Indeed, it would be impossible for Plaintiffs to provide such evidence at the present time, given Defendant's steadfast refusal to provide any discovery of payroll data aside from that for the two named Plaintiffs, or to even provide discovery that would allow the named Plaintiffs to discern which of their payroll data

corresponds to public work. No case cited by Defendant compels a greater burden on Plaintiffs, which they have carried by showing that there are other field employees of Defendant who were subject to the same unlawful policy as the named Plaintiffs. (Docket # 80-1, p. 7-8).

**2. The Statute of Limitations Does Not Prevent Conditional Certification**

Defendant also argues that the FLSA statute of limitations has expired because the two year statute of limitations for non-willful violations has passed, since Defendant allegedly began paying prevailing wages, including overtime at the prevailing wage rate, in the fall of 2015. At this point in the lawsuit, with Defendant refusing to provide classwide payroll data, the Court need not accept Defendant's bald assertion that they complied with the prevailing wage law as of that date. Misleadingly, Defendant claims that Plaintiffs admit this fact on page 4 of their principal brief. Even a casual reading shows that is not the case; Plaintiff was citing the testimony of Defendant's 30(b)(6) witness that they had violated the law prior to that date. To call this an admission by the Plaintiffs is disingenuous, at the least.

Even if Defendant's allegation of when it started obeying the prevailing wage law is credited, Defendant's statute of limitations argument fails for two reasons: one, because there is no evidence, or allegation, that Defendant ever stopped its separate unlawful practice of not counting intra-day travel time towards overtime pay; and two, Plaintiffs should be entitled to a six year notice period, not two or three years.

Defendant addresses the Plaintiffs' travel time overtime allegations by asserting that Plaintiff Maddison has failed to state such a claim. This argument was rejected by Magistrate Judge Baxter when Defendant made it in response to Plaintiffs' timely motion to file the second

amended complaint. (Docket # 52, p. 46; docket #70)[4]. Defendant filed untimely objections to that ruling, styled as a motion to dismiss (docket #59), which the Plaintiffs opposed (docket # 61). Therefore, since Plaintiffs FLSA travel time claims are a part of this case, and there is no evidence those claims ceased at any point in the past, those claims are "live" for any potential collective action plaintiff who opts-in to this lawsuit.

In any event, Plaintiffs have moved for a six year notice period (Plaintiffs' pricipal brief p. 13) because of the Plaintiffs similar travel time overtime claims under New York law. Defendant does not discuss the cases cited therein, which hold a six year notice period appropriate to aid in determining the suitability of the Rule 23 class on those issues, and for reasons of judicial economy. *Solomon v. Adderly Indus. Inc.,* 847 F. Supp. 2d 561, 566 (S.D.N.Y. 2012); *see also Moore v. Eagle Sanitation, Inc.,* 276 F.R.D. 54, 60 (E.D.N.Y. 2011) (holding six year notice period justified by, *inter alia* fact that proposed class "does not appear to be very large"); *Martinez v. Midtown Cleaner, Inc.*, No. 13 CIV. 2644 LGS, 2013 WL 5807178, at *3 (S.D.N.Y. Oct. 29, 2013); *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 CIV.7557 JGK, 2011 WL 2207517, at *6 (S.D.N.Y. June 6, 2011).

Finally, the relevant time period under only the FLSA notice purposes is three years, not two. Defendant cites no case imposing a two year conditional certification notice period. And to the extent Plaintiffs must provide evidence of Defendant's violation of the FLSA was willful, that evidence is before the Court by the Defendant's own documents, which show beyond doubt

[4] Magistrate Baxter initially only permitted the travel time claims that related to travel between jobs for private customers (docket # 52, p. 46) which led Plaintiffs to file partial objections to that ruling (docket # 53). When Magistrate Baxter amended his decision to clarify that Plaintiffs' second amended complaint could include all intra-job travel time (docket # 70), Plaintiffs withdrew those objections (docket # 72).

that 1) Defendant did not pay prevailing wages (necessarily including overtime at the prevailing wage rate) for fire alarm testing and inspection work (Plaintiffs' exhibit 1) and that Defendant did not pay overtime for travel time (exhibit 3, p. 25)[5]. Given the Defendant's undisputed obligation to pay overtime for such work, *see Ramos, supra; see also* 29 C.F.R. § 785.38 ("[t]ime spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked"), Plaintiffs have made the required minimal showing, at this stage, that the FLSA's three year statute of limitations for willful violations could apply. *See Riech v. Waldbaum, Inc.,* 52 F.3d 35, 39 (2d Cir. 1995).

**3. The Court Should Authorize Notice**

Plaintiffs' counsel apologizes for the typographical error on page 12 of their principal brief; the contact information should be provided for individuals who worked in the six year period prior to the filing of this motion, not prior to 2011. *See Yahraes v. Rest. Assocs. Events Corp.,* 2011 WL 844963, *2, No. 10-CV-935(LST) (E.D.N.Y. Mar. 8, 2011) (equitable tolling of limitations period from filing of motion for conditional certification granted due to litigation delays). Plaintiffs withdraw their request at the present time for dates of birth and last four digits of the employees Social Security numbers, but production of email addresses and telephone numbers is appropriate. *See PAL v. Sandal Wood Bar N Grill,* No. 14-CV-00301 TPG, 2015 WL 237226, at *2 (S.D.N.Y. Jan. 15, 2015).

---

[5]Defendant attempts to hand-wave away Exhibit 3's clear statement that it paid travel time only at the regular rate of pay by suggesting that this provision may relate to commuting time. (Def. brief p. 17). Of course, there would be no reason for Defendant to pay anything at all for commuting time, since as Defendant points out, commuting time is not compensable at all. *Id.* Defendant also provides no actual evidence that they did count intra-day travel towards overtime, or that the handbook's provisions were ever superceded by a later one.

As to the scope of the potential collective action, from the evidence adduced thus far, it appears that the travel time claims apply to all Comfort Systems employees, not just the ones performing fire alarm, sprinkler, and security work; Exhibit 3, the handbook setting forth Defendant's unlawful travel time policy, by its terms applies to all Comfort Systems employees. Accordingly, Defendant should be ordered to provide the following employee data

> A list, in electronic and importable format, of all non-exempt field employees employed by Comfort Systems who performed work in the State of New York during the six years preceding March 27, 2019, including the individual's name, address, telephone number, e-mail address and dates of employment.

Defendant's remaining objections to the notice are without merit. The notice's reference to Woodcock and Armani Mechanical Contractors is to another wholly-owned subsidiary of Defendant. Since those employees were subject to the unlawful travel time policy, it is appropriate they be given notice. It is also appropriate to include language in the notice advising those employees that they will not be part of the case, since at the present time, that is true. Should a Rule 23 class be certified in this case, the class would be sent another notice to that effect. Finally, the right of Plaintiffs' counsel to receive fees for work performed on behalf of any opt-in members need not be decided at this time.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment should be dismissed in all respects, and the Plaintiffs' motion for conditional certification be granted.

Dated: New York, New York
June 4, 2019

BERANBAUM MENKEN LLP

By: ____/s/__________

Jason J. Rozger
Bar Roll # 105874
80 Pine Street, 33rd Floor
New York, NY 10005
Tel. (212) 509-1616
Fax (212) 509-8088
jrozger@nyemployeelaw.com

ATTORNEYS FOR PLAINTIFFS AND PROPOSED CLASS