UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN T. MADDISON and DAVID WALTON,
individually and on behalf of
all other persons similarly situated,

                           Plaintiff,

      -against-                                    5:17-CV-359 (LEK/ATB)

COMFORT SYSTEMS USA (SYRACUSE), INC.,
d/b/a ABJ FIRE PROTECTION CO., INC.,

                           Defendant.
_____

## MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiffs Kevin T. Maddison and David Walton have filed a Second Amended Complaint, which alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and New York State law, based on Defendant's failure to provide prevailing wages or adequate overtime pay to its employees. Dkt. No. 48 ("Second Amended Complaint"). Defendant Comfort Systems USA (Syracuse), Inc. moves this Court to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, to overrule Plaintiffs' objection to United Sates Magistrate Judge Andrew T. Baxter's August 24, 2018 Text Order, Dkt. No. 46 ("August 24, 2018 Text Order"); Dkt. No. 53 ("Plaintiffs' Objection"), granting in part and denying in part Maddison's motion to amend his First Amended Complaint, Dkt. No. 29 ("Motion to Amend First Amended Complaint"). Dkt. Nos. 56 ("Motion to Dismiss Second Amended Complaint" and "Opposition to Objection"); 62 ("Defendant's Reply"). Plaintiffs oppose Defendant's Motion to Dismiss. Dkt. No. 59 ("Plaintiffs' Response"). For the reasons that follow, Defendant's Motion to Dismiss is granted.

## II. BACKGROUND

### A. Factual Background

The Court draws all facts, which are assumed to be true, from the Complaint. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012).

Defendant's employees complete work for "both public and private customers throughout New York State" "installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm, fire sprinkler, and security system equipment." Id. ¶¶ 2, 27. Defendant employed Maddison from May 2011 through May 2015 and employed Walton from 2013 until 2014. Second Am. Compl. ¶¶ 39–40. Defendant entered into various "public works contracts" with its clients. Id. ¶ 28. In those contracts, Defendant "as a matter of fact or by operation of law" was obligated to pay prevailing wages to those of its employees who performed work on the public works projects. Id. ¶ 29. Defendant "willfully failed" to (1) pay Plaintiffs and other employees wages at the prevailing rate for work performed on public works projects, (2) did not pay these employees overtime pay at 1.5 times the prevailing wage rate, and (3) failed to credit the hours for "both public and private work" that Plaintiffs and other employees "spent traveling between worksites during the workday towards the 40 hours necessary before overtime wages would be paid." Id. ¶¶ 34–37.

### B. Procedural History

Maddison commenced this action on March 30, 2017. Dkt. No. 1 ("Complaint"). Defendant moved to dismiss the Complaint, or, in the alternative, to strike the Complaint's class allegations. Dkt. No. 10 ("Motion to Dismiss Complaint"). The Court did not rule on Defendant's Motion to Dismiss Complaint before Maddison filed his First Amended Complaint.

Dkt. No. 14 ("First Amended Complaint"). On July 14, 2017, Defendant then moved to dismiss the First Amended Complaint, or, in the alternative, to strike Maddison's class allegations. Dkt. No. 15 ("Motion to Dismiss First Amended Complaint"). On February 1, 2018, this Court denied Defendant's Motion to Dismiss, but granted its motion to strike to the extent that the Motion requested the court strike any of Maddison's class claims that allegedly arose before May 2011 or after May 2015. Dkt. No. 19 ("February 1, 2018 Memorandum-Decision and Order"). On February 15, 2018, Defendant answered the First Amended Complaint and counterclaimed against Maddison for unjust enrichment under New York State law. Dkt. No. 21 ("Defendant Answer and Counterclaim"). Maddison answered the Counterclaim on March 7, 2018. Dkt. No. 25 ("Counterclaim-Defendant Answer").

On April 9, 2018, Maddison moved to amend his First Amended Complaint and to add Walton as an additional class representative. Dkt. No. 29 ("Motion to Amend and Intervene"). Plaintiffs' first cause of action in the (then proposed) Second Amended Complaint alleges that Defendants violated the FLSA by failing to pay Plaintiffs and similarly situated employees (the "FLSA Class") overtime at a rate of 1.5 times the prevailing wage and to credit travel time towards the 40-hour threshold. Second Am. Compl. ¶ 46. The second cause of action alleges that Plaintiff and a putative class of employees (the "Rule 23 Class") were third-party beneficiaries of "public works contracts" that Defendant entered into, and that Defendant breached its contractual obligations by failing to pay the class wages at the prevailing rate and by failing to pay supplemental benefits. Id. ¶¶ 50–51. The third cause of action alleges that Defendants violated New York Labor Law ("NYLL") by failing to pay Plaintiffs and similarly situated employees (the "NYLL Class") overtime at a rate of 1.5 times the prevailing wage and to credit

travel time towards the 40 hour threshold. Id. ¶ 54. The final two causes of action plead quantum meruit and unjust enrichment on behalf of Plaintiffs and all proposed classes. Id. ¶¶ 58–59, 61–63. On August 24, 2018, Magistrate Judge Baxter denied Maddison's Motion to Amend and Intervene in that:

> (1) plaintiff may not pursue the proposed Third Cause of Action under the [NYLL] for overtime based on prevailing wages on public works projects, as that claim is futile because plaintiff did not first pursue the appropriate administrative remedies under NYLL § 220; (2) to the extent the Third Cause of Action claims overtime involving uncounted travel time, any claims by an employee during work weeks when he is claiming any overtime based on the prevailing wage on a public work project would also be futile and may not be pursued for failure to exhaust administrative remedies under NYLL § 220; (3) plaintiff David Walton may not pursue his proposed claim under the Fair Labor Standards Act ("FLSA"), as it is barred by the applicable statute of limitations and is futile.

August 24, 2018 Text Order. The Magistrate Judge granted Maddison's Motion to Amend and Intervene in all other respects. Id.

Plaintiffs filed their Second Amended Complaint—including the NYLL claim—on the same day Magistrate Judge Baxter issued his text order, Second Am. Compl., and objected to Magistrate Judge Baxter's August 24, 2018 Text Order on September 7, 2018. Pls.' Obj. Defendant filed a motion to dismiss Plaintiffs' Second Amended Complaint and a response to Plaintiffs' objection on September 28, 2019. Mot. Dismiss Second Am. Compl. & Opp'n Obj. on October 16, 2018, Plaintiffs filed their response to Defendant's Motion to Dismiss Second Amended Complaint and Opposition to Objection. Pls.' Resp. On October 22, 2018, Defendant replied to Plaintiffs' Response. Def.'s Reply.

4

### III. LEGAL STANDARDS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. In assessing whether this standard has been met, courts "must accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party[] . . . ." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (internal citation omitted).

The Second Circuit has held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Lundy, 711 F.3d at 114 (2d Cir. 2013) (citing Iqbal, 556 U.S. at 679). "In light of the fact that [t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA, [the Court's] conclusions . . . about the FLSA allegations appl[y] equally to [the NYLL] state law claims." DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 n.5

5

(2d Cir. 2013), cert. den., 571 U.S. 1128 (2014) (internal quotation marks and citations omitted); see also Hernandez v. NJK Contractors, Inc., No. 09–CV–4812, 2015 WL 1966355, at *39 (E.D.N.Y. May 1, 2015) ("The NYLL incorporates and restates the FLSA, such that the analysis of overtime claims under the NYLL is generally the same as under the FLSA.") (citing 12 N.Y.C.C.R. § 142–3.2).

## IV. DISCUSSION

Before addressing the arguments discussed in Defendant's Motion to Dismiss Second Amended Complaint, the Court will address Plaintiffs' argument that Part III of that filing should be construed as an objection to Magistrate Judge Baxter's August 24, 2018 Text Order, not as a motion to dismiss (as Defendant labels it). Plaintiffs dispute the characterization of Part III of the filing as a motion to dismiss because they believe the Magistrate Judge held in his August 24, 2018 ruling that Plaintiffs' travel-time claims were adequately pled. Pls.' Resp. at 2. In its Motion to Dismiss, Defendant argues Plaintiffs failed to sufficiently plead their travel-time claims. Mot. Dismiss Second Am. Compl. at 4–8. Consequently, Plaintiffs argue that Defendant cannot move to dismiss a claim that the Magistrate Judge ruled is sufficiently pled. Rather, Defendant must instead have objected to Magistrate Judge Baxter's ruling pursuant to Rule 72(b)(2). Plaintiffs' further argue that Defendant's purported objection is untimely because Defendant filed it on September 28, 2018, which is more than 14 days after the date on which the Magistrate Judge made his ruling. Pls.' Resp. at 2 (citing Fed. R. Civ. P. 72(b)(2)).

The Court, however, declines to read the Magistrate Judge's ruling to state that Plaintiff has adequately pled their travel-time claims. In his ruling, Magistrate Judge Baxter stated, "[P]laintiff's reference to working 45 hours per week on the Tompkins Cortland Community

6

College job, which was a recurring two-week job in the summer, would appear to be sufficient to satisfy the pleading requirement of Lundy." The allegations to which the Magistrate Judge refers have nothing to do with unpaid travel time. See Second Am. Compl. ¶ 43 ("Plaintiffs often worked in excess of 40 hours in a week and were not paid prevailing wages and overtime pay at the lawful prevailing wage rate, in violation of the Fair Labor Standards Act. For example, for each summer of his employment with Defendant, Plaintiff Maddison worked at Tompkins Cortland Community College for a two week period, working approximately 45 hours per week, and in any event more than 40 hours per week in those weeks, and was not paid overtime at the prevailing wage rate for those overtime hours."). Hence, the Court agrees with Defendant that the Magistrate Judge ruled Plaintiffs have "adequately pled that they worked over 40 hours in any given week on a prevailing wage project," Def.'s Reply at 1, not that Plaintiffs' travel-time claims were adequately pled. Thus, the Court concludes Plaintiffs incorrectly categorize Part III of Defendant's September 28, 2018 filing as an objection to the Magistrate Judge's ruling. Rather, it is a responsive pleading—a motion to dismiss—timely filed in response to Plaintiffs' Second Amended Complaint.

Defendant argues Plaintiff has failed to adequately plead that Defendant violated the FLSA and NYLL by failing to credit travel time towards the 40 hour threshold. Mot. Dismiss Second Am. Compl. at 5–8. The Court agrees. Congress passed the FLSA to secure fair labor standards that would protect workers' general well-being. 29 U.S.C. § 201. Under the FLSA:

> [N]o employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his

> employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

§ 207(a)(1). Like the FLSA, the NYLL requires employers to pay employees set rates for overtime work. N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.2. "Under the FLSA, time spent traveling as part of an employee's typical work day is integral and indispensable and thus compensable." Sikiotis v. Vitesse Worldwide Chaufeeured Servs., Inc., 147 F. Supp. 3d 39, 44 (D. Conn. 2015). The NYLL similarly requires employers to compensate employees for "time spent in traveling to the extent that such traveling is part of the duties of the employee." N.Y. Comp. Codes R. & Regs. Tit. 12, § 142-2.1.

Plaintiffs make three allegations pertaining to their travel-time claims:

> During the Class Period, Defendant failed to credit the hours the Plaintiffs and the members of the [NYLL class] spent traveling between worksites during the workday towards the 40 hours necessary before overtime wages would be paid. For example, an employee who worked a 45 hour workweek, but worked 5 of those hours traveling between jobsites, would not receive any overtime pay.

Second Am. Compl. ¶ 36.

> The aforesaid unlawful practice of not counting such travel time towards the 40 hour limit was the case for both public and private work, and was a policy and practice of Defendant that applied to each employee who traveled between jobs.

Id. ¶ 37.

> Both Plaintiff Maddison and Plaintiff Watson traveled between jobsites, and were not paid overtime pay because Defendants did not count the time traveling between jobsites towards the 40 hour overtime threshold.

Id. ¶ 38.

Plaintiffs have failed to allege "sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week" because of unaccounted for travel time. See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 201 (2d Cir. 2013). They have "no factual allegations" regarding their travel-time claims "about when the alleged unpaid wages were earned." See Nakahata v. New York-Presbyterian Healthcare Sys., Inc., No. 10-CV-2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011), aff'd in part and vacated in part on other grounds, 723 F.3d 192 (2d Cir. 2013). Plaintiffs' reference to a hypothetical employee who was improperly compensated even though he or she "worked a 45 hour workweek, but worked 5 of those hours traveling between jobsites," Second Am. Compl. ¶ 36, does not indicate actual weeks in which Defendant failed to compensate Plaintiffs or putative class members for travel time. As the Second Circuit has observed:

> Lundy's requirement that plaintiffs must allege overtime without compensation in a given workweek was not an invitation to provide an all-purpose pleading template alleging overtime in some or all workweeks. It was designed to require plaintiffs to provide some factual context that will nudge their claim from conceivable to plausible. While this Court has not required plaintiffs to keep careful records and plead their hours with mathematical precision, we have recognized that it is employees memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations.

DeJesus, 726 F.3d at 89–90 (internal citations and quotation marks omitted) (applying Lundy and Nakahata to affirm the dismissal of FLSA overtime claims because the plaintiff "did not estimate her hours in any or all weeks or provide any other factual context or content"). In accordance with Lundy, Nakahata, and DeJesus, the Court concludes Plaintiffs have failed to

9

adequately plead FLSA and NYLL claims for unpaid overtime predicated upon unaccounted for travel time.

The Court's holding is further supported by Ramos v. City of New York Fire Dep't, No. 13-CV-9225, 2014 WL 2111687 (S.D.N.Y. May 9, 2014), upon which Defendant relies. Def.'s Resp. at 6–7. In Ramos, the court found the plaintiff's allegation that the defendants "failed to compensate plaintiffs for time spent traveling between job sites when they worked overtime" to be insufficient for pleading a viable FLSA claim. Ramos, 2014 WL 2111687, at *2, 5. The Court finds Plaintiffs have levied similar allegations here with an equally insufficient level of specificity as the travel-time allegation in Ramos.

In sum, because Plaintiffs have failed to state claims for violations of the FLSA and NYLL based on uncompensated for travel time the Court must grant Defendant's Motion to Dismiss.

*     *     *

Because the Court concludes Plaintiffs have pled their travel-time claims with an insufficient level of detail, see Nakahata, 723 F.3d 192 at 201, it need not reach Defendant's alternative argument for dismissal of Plaintiffs' travel-time claims, namely that Plaintiffs never alleged they worked only on private projects during the weeks they traveled between job sites. Mot. Dismiss Second Am. Compl. at 8. Nor must the Court address Plaintiffs objection that Magistrate Judge Baxter made a "clearly erroneous legal decision by holding that any Plaintiff cannot have a claim for Labor Law overtime, based on the failure to credit intra-day travel, in a week that Plaintiff was claiming overtime pay at the prevailing wage rate." Pls.' Obj. at 3. The Court would need to resolve the dispute over Magistrate Judge Baxter's holding only if Plaintiff

had adequately pleaded plausible travel-time claims in he first instance. See Ramos, 2014 WL 2111687, at *5.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion to Dismiss Second Amended Complaint and Opposition to Objection (Dkt. No. 56) is **GRANTED**. Plaintiffs' travel-time claims are **dismissed without prejudice**; and it is further

**ORDERED**, that Plaintiffs may move to replead their travel-time claims within **sixty days** of the date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that Plaintiffs' Objection to Magistrate Judge Baxter's August 24, 2018 Text Order (Dkt. No. 53) is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 30, 2019
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge