UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN T. MADDISON and DAVID WALTON, individually and on behalf of all other persons similarly situated, | Civil Action No. 5:17-cv-00359-LEK-ATB |
| Plaintiffs, | |
| -against- | |
| COMFORT SYSTEMS USA (SYRACUSE), INC., d/b/a ABJ FIRE PROTECTION CO., INC., | |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS COUNT I AND COUNT III OF THE
THIRD AMENDED CLASS ACTION COMPLAINT**

LITTLER MENDELSON, P.C.
375 Woodcliff Drive, 2nd Floor
Fairport, New York 14450

*Attorneys for Defendant*

Jacqueline Phipps Polito, Esq.
Jessica F. Pizzutelli, Esq.

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT .................................................................................................. 1

FACTS AND PROCEDURAL HISTORY .................................................................................. 1

ARGUMENT .................................................................................................................................. 4

    I.    LEGAL STANDARD ON MOTION TO DISMISS .............................................. 4

    II.    PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED (COUNT I) .............. 4

    III.    PLAINTIFFS' NYLL CLAIM SHOULD BE DISMISSED (COUNT III) ........... 5

CONCLUSION .............................................................................................................................. 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ackerman v. Ackerman*,
 No. 10 CIV. 6773, 2012 WL 407503 (S.D.N.Y. Feb. 9, 2012) ................................................. 5

*Acosta v. Tyson Foods, Inc.*,
 800 F.3d 468 (8th Cir. 2015) ................................................................................................... 5

*Almazo v. M.A. Angeliades, Inc.*,
 No. 11 CIV. 1717, 2016 WL 5719748 (S.D.N.Y. Sept. 29, 2016) ........................................ 7, 8

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................. 4

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................................. 4

*Brandy v. Canea Mare Contracting, Inc.*,
 34 A.D.3d 512 (2d Dept. 2006) ............................................................................................... 7

*Contrera v. Langer*,
 290 F. Supp. 3d 269 (S.D.N.Y. 2018) ..................................................................................... 4

*DiGrazia v. Local 338*,
 189 F.3d 460 (2d Cir. 1999) .................................................................................................... 5

*Harkins v. Riverboat Servs., Inc.*,
 385 F.3d 1099 (7th Cir. 2004) ................................................................................................. 5

*Igene v. Miracel Sec., Inc.*,
 No. 12-CV-149, 2013 WL 5502868 (E.D.N.Y. Oct. 2, 2013) ................................................. 6

*Samborski v. Linear Abatement Corp.*,
 No. 96 CIV. 1405, 1998 WL 474069 (S.D.N.Y. Aug. 10, 1998) ............................................ 6

*Williams v. Bethel Springvale Nursing Home, Inc.*,
 No. 14-cv-9383, 2018 WL 3344217 (S.D.N.Y. July 9, 2018) ................................................. 4

**Statutes**

29 U.S.C. § 255(a) .......................................................................................................................... 5

29 U.S.C. § 256 .............................................................................................................................. 5

29 U.S.C. § 256(a) .......................................................................................................................... 4

NYLL ........................................................................................................................... *passim*

Defendant Comfort Systems USA (Syracuse), Inc. d/b/a ABJ Fire Protection Co., Inc. ("ABJ" or "Defendant") submits this Memorandum of Law in support of its Motion to Dismiss Count I (FLSA) and Count III (NYLL) in Plaintiffs' Third Amended Class Action Complaint (Dkt. 101) (the "Motion").

## PRELIMINARY STATEMENT

This Court should dismiss Plaintiffs' FLSA claim in Count I because the purported claims are time-barred, due to the failure of Maddison to file a consent to join form.

Likewise, this Court should also dismiss Plaintiffs' NYLL overtime claim in Count III because those claims are barred due to Plaintiffs' failure to exhaust their administrative remedies. As set forth more fully below, claims for wages arising from work performed on public works projects are governed by Section 220 of the New York Labor Law ("NYLL"). A worker cannot bring a claim under NYLL § 220 unless the worker first exhausts their administrative remedies. In this case, Plaintiffs admit that they did not exhaust their administrative remedies. Further, Plaintiffs cannot evade the administrative exhaustion requirement by bringing their claims under a different section of the NYLL. Accordingly, this Court should dismiss Plaintiffs' NYLL overtime claim as well.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs' have repeatedly tried to bring claims in this case that are not supported by the applicable law and facts (actual and alleged). Maddison filed the original Complaint on March 30, 2017. Dkt. 1. On June 30, 2017, Maddison filed an Amended Complaint. Dkt. 14. Ten months later, on April 9, 2018, Maddison moved to amend his Complaint for a second time. Dkt. 29. ABJ opposed Plaintiff's motion to amend the Complaint. Dkt. 35. On August 24, 2018, Judge Baxter granted in part, and denied in part, Plaintiff's motion to amend the Complaint. Dkt. 46. Thereafter, on September 28, 2018, ABJ moved to dismiss Plaintiffs'

1

overtime claim in Count I (FLSA) and Count III (NYLL) predicated on Plaintiffs' deficient travel time allegations.  Dkt. 56.  On September 30, 2019, the Court granted ABJ's motion to dismiss because Plaintiffs failed to plead their FLSA and NYLL overtime claims based on uncounted travel with the sufficient level of specificity.  Dkt. 93 at 10.  The Court further noted, in light of this holding, that it "need not reach Defendant's alternative argument for dismissal of Plaintiffs' travel-time claims, namely that Plaintiffs never alleged they worked only on private projects during the weeks they traveled between job sites."  *Id.*

On November 27, 2019, Plaintiffs moved to amend their complaint for a third time.  Dkt. 95.  On January 29, 2020, Judge Baxter granted Plaintiffs' request, expressly noting, however, that "the defense has raised an argument that is more persuasive, at least to me, that plaintiff's allegations about uncompensated travel time do not state a viable claim because they do not specify whether they involve travel time between public contract work sites or private work sites, or whether the plaintiffs are seeking overtime during these weeks at the prevailing rate applicable to public contracts."  Decl. of Jessica Pizzutelli, Ex. 1, 1/28/20 Tr. at p. 16.  Judge Baxter held that this issue will "need to be addressed by Judge Kahn."  *Id.* at 18.  Judge Baxter further held that ABJ's argument that Maddison's FLSA claims are untimely because he never filed a FLSA consent form was also more appropriately addressed by Judge Kahn.  *Id.*

On February 5, 2020, Plaintiffs filed their Third Amended Complaint.  Dkt. 101.  In the Third Amended Complaint, Plaintiffs repeatedly allege that they worked overtime on public works projects.  Plaintiffs allege:

- that they "work on public projects" (*Id.* at ¶ 1);
- that this action is brought to "recover unpaid overtime and prevailing wages" (*Id.* at ¶ 2);

2

- that the "named Plaintiffs and other members of the putative class, or subclass, are individuals who are or were laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law, and who worked on public works, frequently for more than 40 hours in a week" (*Id.* at ¶ 8);

- the Plaintiffs bring their class claims on behalf of "all laborers, workmen and mechanics" (*Id.* at ¶ 21); and

- that "in furtherance of the public works contracts entered into by Comfort Systems, Plaintiffs and other members of the putative class performed various types of work" (*Id.* at ¶ 34).

Plaintiffs further allege that they bring claims for violation of the New York Labor Law's overtime provisions "for all of their overtime hours worked," which would include their work on public projects. (*Id.* at ¶ 19). Plaintiffs claim the ABJ "failed to credit the hours the Plaintiffs… spent traveling between worksites during the workday towards the 40 hours necessary before overtime wages would be paid." (*Id.* at ¶ 37). Plaintiffs allege that the "practice of not counting such travel time towards the 40 hour limit was the case for both ***public*** and private work." (*Id.* at ¶ 38) (emphasis added). Plaintiffs further allege that Plaintiff Maddison and Walton worked on "many public job sites" and "often worked in excess of 40 hours in a week and [were] not paid prevailing wages and overtime pay." (*Id.* at ¶¶ 50-52).

In Count I of the Third Amended Complaint, Plaintiffs allege on behalf of themselves and the "FLSA Class Members" that ABJ violated the FLSA by failing to pay overtime at the prevailing wage rate. (*Id.* at ¶¶ 54-57). In Count III of the Third Amended Complaint, Plaintiffs allege that Comfort Systems violated the NYLL for "failure to pay overtime." (*Id.* at ¶¶ 64-66). Plaintiffs do not specify what provision of the NYLL they claim ABJ violated. (*Id.*). The only

section of the NYLL mentioned anywhere in the Complaint is Article 8, Public Work, NYLL § 220, *et seq.* (*Id.* at ¶ 8). This motion to dismiss timely followed.

## ARGUMENT

### I. LEGAL STANDARD ON MOTION TO DISMISS.

To survive a motion to dismiss, a proposed cause of action must plead sufficient facts that, if accepted as true, state a claim for relief that is "plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* These requirements prevent a "plaintiff with a largely groundless claim [to] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly,* 550 U.S. at 558 (internal quotations and citations omitted).

### II. PLAINTIFFS' FLSA CLAIM SHOULD BE DISMISSED (COUNT I).

Count I of the Third Amended Complaint, which purports to bring claims under the FLSA, § 207(a)(1), on behalf of Plaintiffs and the "putative class," should be dismissed because they are time-barred. Pursuant to 29 U.S.C. § 256(a), a collective FLSA action is considered to be commenced in the case of any individual claimant "on the date when the complaint is filed, ***if*** [that claimant] is specifically named as a party plaintiff in the complaint ***and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought*** ...." 29 U.S.C. § 256(a) (emphasis added). Thus, "the limitations period for a plaintiff ***representing a proposed collective*** begins not when the complaint is filed, but when that representative plaintiff officially opts-into the action." *Williams v. Bethel Springvale Nursing Home, Inc.,* No. 14-cv-9383, 2018 WL 3344217, at n. 5 (S.D.N.Y. July 9, 2018) (emphasis added); *Contrera v. Langer,*

4

290 F. Supp. 3d 269, 278 (S.D.N.Y. 2018) (the requirement of a written consent in 29 U.S.C. § 256 applies even to the "named" plaintiff in a collective action under the FLSA); *Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (affirming dismissal of 18 *named plaintiffs* in FLSA collective action for failure to file written consent forms, explaining "if you haven't given your written consent to join the suit . . . you're not a party") (emphasis added); *Acosta v. Tyson Foods, Inc.*, 800 F.3d 468, 472 (8th Cir. 2015) (reversing district court and finding defendant entitled to judgment because named plaintiff did not file written consent before statute of limitations expired).

The statute of limitations for FLSA claims is two years, and may only be enlarged to three years for willful violations of the statute. 29 U.S.C. § 255(a); *DiGrazia v. Local 338*, 189 F.3d 460, 460 (2d Cir. 1999). Where a claim is clearly untimely, dismissal is warranted. *See Ackerman v. Ackerman*, No. 10 CIV. 6773, 2012 WL 407503, at *2 (S.D.N.Y. Feb. 9, 2012).

Here, Maddison has yet to file a written consent to become a party plaintiff, nor does he attach a written consent to the Third Amended Complaint. Dkt. 101.[1] Even if Maddison filed his consent today, February 19, 2020, the limitations period would extend back (at most) to February 19, 2017. However, as is plain from the Third Amended Complaint, Maddison has not been employed by ABJ since 2015 *at the latest.* Dkt. 101, ¶ 48. Thus, Maddison's FLSA claim is unequivocally time-barred and this Court should dismiss Count I of the Third Amended Complaint.

### III.     PLAINTIFFS' NYLL CLAIM SHOULD BE DISMISSED (COUNT III).

Plaintiff's NYLL overtime claim in Count III of the Third Amended Complaint should

---

[1] Judge Baxter previously held that Walton may not bring a FLSA claim because his claims are time-barred. *See* Dkt. 46 ("plaintiff David Walton may not pursue his proposed claim under the Fair Labor Standards Act ('FLSA') as it is barred by the applicable statute of limitations and is futile").

5

also be dismissed. Plaintiffs do not identify which section of the NYLL they assert ABJ violated. To the extent Plaintiffs bring their claims under NYLL § 220, their claims fail because Plaintiffs admittedly did not exhaust their administrative remedies. To the extent Plaintiffs bring their claims under a different provision of the NYLL, their claims similarly fail because they cannot use a different section of the NYLL to subvert the exhaustion requirements.

Section 220 of the NYLL governs the wages to be paid to laborers, workmen, and mechanics upon public works projects. NYLL § 220. Plaintiffs allege that they were laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law. Dkt. 101, ¶ 8 ("The named Plaintiffs and the other members of the putative class, or subclass, are individuals who are or were laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law"), ¶ 21 ("This action is brought on behalf of Plaintiffs and a class consisting of all laborers, workmen and mechanics"). In fact, the only section of the NYLL that Plaintiffs mention in the Complaint is Article 8, NYLL § 220, *et seq. Id.*

NYLL § 220 requires employees of public works projects to exhaust their administrative remedies before bringing a private right of action. *See Samborski v. Linear Abatement Corp.*, No. 96 CIV. 1405, 1998 WL 474069, at *2 (S.D.N.Y. Aug. 10, 1998); *see also Igene v. Miracel Sec., Inc.*, No. 12-CV-149, 2013 WL 5502868, at *3 (E.D.N.Y. Oct. 2, 2013) (explaining plaintiff "would be barred from bringing [a S]ection 220 claim in her own name, let alone on behalf of others" where she admitted that she had not exhausted her administrative remedies). Here, Plaintiffs admit that they did not exhaust their administrative remedies. Thus, to the extent Plaintiffs bring their claims under NYLL § 220, their claims must fail and Count III should be dismissed.

Even if Plaintiffs purport to bring their claims under a different section of the NYLL,

their NYLL overtime claim *still* fails.  *Almazo v. M.A. Angeliades, Inc.*, No. 11 CIV. 1717, 2016 WL 5719748, at *3 (S.D.N.Y. Sept. 29, 2016) is on point.  In *Almazo*, the employees brought a collective and putative class action alleging that defendants failed to pay them for work they performed on weekends and failure to pay overtime wages.  The employees claimed that the Court erred in dismissing their NYLL overtime claims because they did not assert those claims under NYLL § 220, and therefore they were not required to exhaust their administrative remedies.  Instead, they claimed that they brought their NYLL overtime claims under a different section of the NYLL, Article 19, and under the Wage Order, 12 NYCRR Part 142.  *Id.* at *2.  The Court rejected that argument and denied plaintiffs' motion for reconsideration.

The Court held that "[a]lthough plaintiffs correctly note that they did not rely on NYLL § 220 in asserting their NYLL claims in the [Complaint], the case law indicates that plaintiffs' state statutory unpaid overtime claims **for work on public works projects are nonetheless governed by NYLL § 220**."  *Id.* at *3 (emphasis added).  The Court reasoned that there is "compelling authority that NYLL § 220 was meant to supersede other statutory remedies" and that a "party may not evade NYLL § 220's administrative exhaustion requirement for claims that fall within the statute's purview."  *Id.*  The Court explained that plaintiffs, who performed work on public works projects, could not "choose which remedy to pursue under the NYLL" for their unpaid overtime claims.  *Id.* at *4.  It held:  "If a worker on a public works project could circumvent the administrative exhaustion requirement in NYLL § 220 by filing claims under another provision of the statute, that would effectively nullify the exhaustion requirement for **claims related to work on public works projects.**"  *Id.* at *4 (emphasis added).  *See also Brandy v. Canea Mare Contracting, Inc.*, 34 A.D.3d 512 (2d Dept. 2006) ("The plaintiffs may not circumvent the exhaustion of remedies requirement under [Section 220-g of the NYLL] by

7

asserting that they did not really bring a cause of action pursuant thereto.").

The same is true here. Like in *Almazo*, to the extent Plaintiffs seek unpaid overtime wages under a different provision of the NYLL, their claims still fail. Plaintiffs allege that they performed work on public sites, including overtime work. Dkt. 101, ¶¶ 8, 38. Plaintiffs allege that the "practice of not counting… travel time towards the 40 hour limit was the case for both *public* and private work." (*Id.* at ¶ 38) (emphasis added). The only allegations in the Complaint that describe the type of sites where Plaintiffs worked when they allegedly worked over 40 hours describe Plaintiffs' work on public sites—not private sites. *Id.* at ¶ 36 ("for all work performed by Plaintiffs… on public work projects, Comfort Systems willfully failed to pay Plaintiffs and other members of the putative class overtime pay"); ¶ 52 ("Plaintiffs often worked in excess of 40 hours in a week and was [sic] not paid prevailing wages and overtime pay at the lawful prevailing wage rate" and describing work at public site); ¶ 53 (alleging Walton worked approximately 45 hours per week while working at public site and was not paid overtime). As noted above, wage claims arising out of work at public sites are governed exclusively by NYLL § 220. Thus, as in *Almazo,* to the extent Plaintiffs bring claims under any other provision of the NYLL, Plaintiffs claims still fail because Plaintiffs cannot use other statutory provisions to evade the NYLL § 220 administrative exhaustion requirements.

For these reasons, the Court should dismiss Count III.

## **CONCLUSION**

ABJ respectfully requests that the Court dismiss Count I and Count III in the Third Amended Complaint in their entirety and with prejudice. Plaintiffs received multiple opportunities to amend their Complaint. This Court's prior Order even forecast the very issue in this motion to dismiss, yet the Third Amended Complaint is still deficient. Plaintiffs had

numerous chances to plead their claims with sufficient specificity and failed.  The reason being: they have no claim.  Enough is enough.

    Date:   February 19, 2020
                  Fairport, New York

*/s/ Jessica F. Pizzutelli*
Jacqueline Phipps Polito (Bar Roll #511655)
Jessica F. Pizzutelli (Bar Roll #520090)
LITTLER MENDELSON, P.C.
375 Woodcliff Drive, Second Floor
Fairport, NY  14450
jpolito@littler.com
jpizzutelli@littler.com
Tel. (585) 203-3400
*Attorneys for Defendant*