UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KEVIN T. MADDISON and DAVID
WALTON,
individually and on behalf of
all other persons similarly situated,

                          Plaintiffs,

          -against-                                    5:17-CV-0359 (LEK/ATB)

COMFORT SYSTEMS USA (SYRACUSE),
INC., d/b/a ABJ FIRE PROTECTION CO.,
INC.,

                          Defendant.

_____

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiffs Kevin T. Maddison and David Walton have moved for conditional certification

of a collective action pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§ 201, *et seq.* Dkt. Nos. 80 ("Motion for Conditional Certification"); 80-1 ("Plaintiffs'

Memorandum"); 80-2 ("Rozger Declaration"). Comfort Systems USA (Syracuse), Inc.

("Defendant") has opposed conditional certification and moved for summary judgment on

several of Plaintiffs' claims. Dkt Nos. 87 ("Motion for Partial Summary Judgment" and

"Opposition to Motion for Conditional Certification"); 87-1 ("Rizzo Declaration"); 87-3

("Pizzutelli Declaration"); 87-6 ("Defendant's Statement of Material Facts"); 87-7 ("Defendant's

Memorandum").

For the reasons that follow, Plaintiff's Motion for Conditional Certification is denied and

Defendant's Motion for Partial Summary Judgment is granted.

## II.    BACKGROUND

### A.  Factual Background

The facts and allegations in this case were detailed in previous Memorandum-Decisions and Orders of this Court, familiarity with which is assumed. <u>See</u> Dkt. Nos. 19 ("February 2018 Memorandum-Decision and Order"); 93 ("September 2019 Memorandum-Decision and Order").

### B.  Procedural History

This case has a long and somewhat convoluted procedural history, some of which is relevant to determination of the pending motions, but all of which the Court provides for clarity's sake.

Maddison commenced this action on March 30, 2017. Dkt. No. 1 ("Complaint"). On June 12, 2017, Defendant moved to dismiss the Complaint, or, in the alternative, to strike the Complaint's class allegations. Dkt. No. 10 ("Motion to Dismiss the Complaint"). The Court had not yet ruled on Defendant's Motion to Dismiss the Complaint when Maddison filed his First Amended Complaint. Dkt. No. 14 ("First Amended Complaint"). On July 14, 2017, Defendant then moved to dismiss the First Amended Complaint, or, in the alternative, to strike Maddison's class allegations. Dkt. No. 15 ("Motion to Dismiss the First Amended Complaint"). On February 1, 2018, this Court denied Defendant's Motion to Dismiss First Amended Complaint, but granted its motion to strike as to any of Maddison's class claims that allegedly arose before May 2011 or after May 2015. February 2018 Memorandum-Decision and Order. On February 15, 2018, Defendant answered the First Amended Complaint and counterclaimed against Maddison for unjust enrichment under New York State law. Dkt. No. 21 ("Defendant Answer and

Counterclaim"). Maddison answered the Counterclaim on March 7, 2018. Dkt. No. 25

("Counterclaim-Defendant Answer").

On April 9, 2018, Maddison moved to amend his First Amended Complaint and to add

Walton as an additional class representative. Dkt. No. 29 ("Motion to Amend and Intervene").

On August 24, 2018, Magistrate Judge Baxter denied Maddison's Motion to Amend and

Intervene in that:

> (1) plaintiff may not pursue the proposed Third Cause of Action
> under the [NYLL] for overtime based on prevailing wages on public
> works projects, as that claim is futile because plaintiff did not first
> pursue the appropriate administrative remedies under NYLL § 220;
> (2) to the extent the Third Cause of Action claims overtime involving
> uncounted travel time, any claims by an employee during work weeks
> when he is claiming any overtime based on the prevailing wage on a
> public work project would also be futile and may not be pursued for
> failure to exhaust administrative remedies under NYLL § 220; (3)
> plaintiff David Walton may not pursue his proposed claim under the
> Fair Labor Standards Act ("FLSA"), as it is barred by the applicable
> statute of limitations and is futile.

Dkt. No. 46 ("August 24, 2018 Text Order"). The Magistrate Judge granted Maddison's Motion

to Amend and Intervene in all other respects. Id.

Plaintiffs filed their Second Amended Complaint on the same day Magistrate Judge

Baxter issued the August 24, 2018 Text Order, Dkt. No. 48 ("Second Amended Complaint"), and

objected to the text order on September 7, 2018, Dkt. No. 53 ("Plaintiffs' Objection"). Defendant

filed a motion to dismiss Plaintiffs' Second Amended Complaint and a response to Plaintiffs'

Objection on September 28, 2019. Dkt. No. 56 ("Motion to Dismiss the Second Amended

Complaint"). On September 30, 2019, this Court granted Defendant's Motion to Dismiss the

Second Amended Complaint and denied Plaintiffs' Objection. September 2019 Memorandum-

Decision and Order. On November 27, 2019, Plaintiffs moved to amend their Second Amended Complaint. Dkt. No. 95 ("Motion to Amend the Second Amended Complaint"). On January 20, 2020, Magistrate Judge Baxter granted Plaintiffs' Motion to Amend Second Amended Complaint. Dkt. No. 99 ("January 2020 Text Order"). Plaintiffs filed their Third Amended Complaint on February 10, 2020. Dkt. No. 101 ("Third Amended Complaint"). There is now a pending motion to dismiss Plaintiffs' Third Amended Complaint, Dkt. No. 103 ("Motion to Dismiss the Third Amended Complaint") but that motion is not yet ripe for determination since it has yet to be fully briefed.

While the parties disputed the sufficiency of Plaintiffs' Second Amended Complaint, they proceeded with discovery. On March 27, 2019, Plaintiffs moved under the FLSA to conditionally certify a class of similarly situated individuals "employed by Comfort Systems who performed work on fire alarms, fire sprinkler, and security system equipment in the State of New York, during the six years preceding March 30, 2011." Mot. for Conditional Certification at 12. On May 21, 2019, Defendant moved for partial summary judgment and opposed Plaintiffs' Motion for conditional Certification. Mot. for Partial Summ. J; Opp'n to Mot. for Conditional Certification. On June 4, 2019, Plaintiffs filed their response to Defendant's Motion for Partial Summary Judgment and Opposition to Motion for Conditional Certification. Dkt. No. 88 ("Plaintiffs' Response"). On June 10, 2019, Defendant replied to Plaintiffs' Response. Dkt. No. 92 ("Defendant's Reply").

4

### III.   LEGAL STANDARDS

#### A.  Conditional Certification

"Section 216(b) of the FLSA provides for any employee to bring a collective action on behalf of himself or others 'similarly situated' as long as any employee willing to join such an action gives his consent in writing and that 'such consent is filed in the court in which such action is brought.'" Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 361–62 (E.D.N.Y. 2007) (quoting 29 U.S.C. § 216(b)). "Neither the FLSA nor its implementing regulations define the term 'similarly situated.' However, courts have held that plaintiffs can move to conditionally certify a § 216(b) class by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997) (citing cases). "The modest showing required for conditional certification cannot be satisfied simply by unsupported assertions. Instead, the factual showing, even if modest, must still be based on some substance." Augustyniak v. Lowe's Home Ctr., LLC, 102 F. Supp. 3d 479, 485 n.5 (W.D.N.Y. 2015) (citations and quotation marks omitted). "Courts regularly grant motions for approval of a collective action [] 'based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees.'" Sobczak, 540 F. Supp. 2d at 362 (quoting Wraga v. Marble Lite, Inc., No. 05-CV-5038, 2006 WL 2443554, *1 (E.D.N.Y. Aug. 22, 2006)).[1]

---

[1] Plaintiffs have moved to conditionally certify a collective action. Once the class is conditionally certified and notice is served to the other proposed plaintiffs, Plaintiffs may move to formally certify the class. Upon doing so, "the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated to the named plaintiffs. The action may be

### B. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law" and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248; see also Selevan v. N.Y. Thruway Auth., 711 F.3d 253, 256 (2d Cir. 2013) (noting summary judgment is appropriate where the non-moving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim" (internal quotation marks omitted)).

## IV.   DISCUSSION

### A. Conditional Certification

In their Motion for Conditional Certification, Plaintiffs request the Court (1) conditionally certify a collective action; (2) issue notice of said action; and (3) compel Defendant "to provide the names, addresses, telephone numbers, e-mail addresses, date of employment, dates of birth, and, if applicable, last four digits of the Social Security numbers" of other potential plaintiffs. Mot. for Conditional Certification at 13–14.

---

'de-certified' if the record reveals that they are not, and the opt-in plaintiffs' claims may be dismissed without prejudice." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010).

Regarding Plaintiffs' request for certification, Plaintiffs have not submitted any affidavits or exhibits that contain a "reference to any [] employee other than Plaintiffs." See Morales v. Plantworks, Inc., No. 05-CV-2349, 2006 WL 278154, at *2 (S.D.N.Y. Feb. 2, 2006); see also Prizmic v. Armour, Inc., No. 05-CV-2503, 2006 WL 1662614, at *3 (E.D.N.Y. June 12, 2006) ("Here, plaintiff has not submitted *any* evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law." (emphasis in original)). "On the contrary, [Plaintiffs] make[] only general allegations in [their] complaint that" they and other individuals who have performed various types of electrical or sprinkler work on behalf of Defendant "were denied overtime compensation." See id.; Flores v. Osaka Health SPA, Inc., No. 05-CV-962, 2006 WL 695675, at *3 (S.D.N.Y. Mar. 16, 2006) ("The plaintiff's determination to rely upon broad conclusory allegations and nothing more, also militates against certifying this as a FLSA collective action." (citing Morales, 2006 WL 278154, at *3)). Accordingly, Plaintiffs' Motion for Conditional Certification is denied.

The Court also denies Plaintiffs' requests that the Court issue notice of a conditionally certified collective action and compel Defendant to provide information on other similarly situated employees. See Becerra v. IM LLC-I, No. 14-CV-2671, 2015 WL 1954478, at *6 (E.D.N.Y. Apr. 29, 2015), aff'd, No. 14-CV-2671, 2016 WL 8968978 (E.D.N.Y. Feb. 20, 2016) ("Because the Court has denied Plaintiff's motion for conditional certification, his related request for court-facilitated notice is denied as moot. In addition, Plaintiff's application for the disclosure of the names, addresses, telephone numbers and dates of birth of prospective opt-in plaintiffs is denied.").

**B.  Summary Judgment**

Defendants move for partial summary judgment on three of Plaintiffs' claims brought on behalf of themselves and others[2]: (1) breach of contract for failing to pay wages at the prevailing rate and supplemental benefits to Plaintiffs as third-party beneficiaries of contracts that Defendant entered into with public entities; (2) violations of the FLSA for failing to pay overtime at a rate of 1.5 times the prevailing wage rate; and (3) quantum meruit and unjust enrichment. Mot. for Partial Summ. J. at 1; Third Am. Compl. ¶¶ 54–62, 67–74. Defendant has not moved for summary judgment on Plaintiffs' claims that Defendant violated New York Labor Law ("NYLL") by failing (1) to pay Plaintiffs overtime at a rate of 1.5 times the prevailing wage rate; and (2) to credit travel time towards the forty hours of work required before owing overtime. Third Am. Compl. ¶¶ 63–66.[3]

*1.  Breach of Contract and FLSA Claims*

Defendant seeks dismissal of Plaintiffs' third-party beneficiary and FLSA claims for certain contracts Defendant entered into with public institutions. These eleven contracts are "Fire Alarm System Inspection Agreements and Sprinkler Inspection Agreements for sites where Maddison and Walton performed work." Rizzo Decl. ¶ 13, Ex. 1 (collectively, the "Inspection

---

[2]  For simplicity, from here onward when the Court mentions "Plaintiffs" the Court refers to both the Plaintiffs themselves and the similarly situated individuals Plaintiffs purport to represent.

[3]  The Court clarifies that Defendant technically moved for summary judgment on claims asserted in Plaintiffs' Second Amended Complaint since that complaint was the operative pleading at the time Defendant filed its Motion for Partial Summary Judgment. However, since Plaintiffs' Third Amended Complaint is now the operative pleading and contains nearly identical claims to those included in the previous amended complaint, the Court construes Defendant's Motion for Partial Summary Judgment as addressing claims in the latter amended complaint. Thus, the Motion for Partial Summary Judgment remains ripe for determination.

Contracts"). For the reasons described below, the Court grants Defendant's Motion for Partial

Summary Judgment on Plaintiffs' breach of contract and FLSA claims based on the Inspection

Contracts.

> As the Second Circuit has observed:

>> Under New York law, the requirement that workers engaged in "public works" should be paid at prevailing wages reaches back at least to 1905, when Article 1, Section 17 of the State's Constitution was passed. The amendment stated that no worker "engaged in the performance of any public work, shall be . . . paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used." N.Y. Const. art. I. § 17.

>> The portion of the NYLL at issue here—section 220—is, as the district court put it, a "codification" of that amendment. [Ramos v. SimplexGrinnell LP, 796 F. Supp. 2d 346, 352 (E.D.N.Y. 2011)]. Section 220 . . . states that every public works contract must provide that all laborers employed by the contract will be paid prevailing wages. N.Y. Lab. Law 220(3)(a). It also furnishes administrative mechanisms to enforce this requirement. Id. § 220(3)(e). Additionally, the New York Court of Appeals has held that workers may bring common law breach of contract suits as the intended third-party beneficiaries of such public works contracts. See Fata v. S.A. Healy Co., 289 N.Y. 401, 404–07, 46 N.E.2d 339 (1943).

>> The plaintiffs here pursued the latter course. To prevail in their suit, they need to show, first, that they are "laborers, workmen, or mechanics" within the meaning of NYLL section 220 . . . . See Erie County Indus. Dev. Agency v. Roberts, 94 A.D.2d 532, 465 N.Y.S.2d 301, 305 (Fourth Dep't 1983), aff'd, 63 N.Y.2d 810, 482 N.Y.S.2d 267, 472 N.E.2d 43 (1984). Second, they must show that theirs was "covered" work—that is, work entitled to prevailing wages under the statute. See id.

Ramos v. SimplexGrinnell LP, 740 F.3d 852, 855–56 (2d Cir. 2014).

Like the plaintiffs in Ramos, Plaintiffs have chosen to pursue their claims as third-party

beneficiaries to state funded contracts instead of through the administrative procedures provided

under NYLL. And, similar to the defendants in Ramos, Defendant does not dispute that Plaintiffs' employment with Defendant places them within the ambit of NYLL. Rather, for the Inspection Contracts, Defendant argues on three grounds that Plaintiffs are not entitled to prevailing wages as third-party beneficiaries to those agreements. The Court addresses each ground in turn.

### a.  Plaintiffs' Claims are Time-Barred

First, Defendant argues that Plaintiffs' breach of contract claims are time-barred for the Inspection Contracts. Def.'s Mem. at 6–8. The Court agrees.

"A third-party beneficiary does not have greater rights than the promisee under the agreement sued upon." Barnum v. Millbrook Care Ltd. P'ship, 850 F. Supp. 1227, 1234 (S.D.N.Y. 1994), aff'd, 43 F.3d 1458 (2d Cir. 1994). Here, the Inspection Contracts bar public entities who contracted with Defendant from bringing claims against Defendant "more than one year after accrual of the cause of action." Rizzo Decl. ¶ 14 (citing Inspection Contracts). Thus, because the promisees under the Inspection Contracts—public entities—cannot bring suit on claims that accrued more than a year ago, neither can Plaintiffs as third-party beneficiaries under those agreements. See Barnum, 850 F. Supp. at 1234–35 ("Since the promisee . . . can no longer enforce the covenant to repay the terminated residents under the Agreement's internal 15 months statute of limitations, the third-party beneficiary . . . is also time barred under the Agreement's internal limitations period."); Sidik v. Royal Sovereign Int'l Inc., 348 F. Supp. 3d 206, 214 (E.D.N.Y. 2018) (concluding that third-party beneficiaries to a contract for security and monitoring services are subject to contract's one-year limitations period).

10

Plaintiffs respond that the one-year limitations period included in the Inspection Contracts are "void as against public policy" since "Plaintiffs and the proposed class were unaware" of that provision. Pls.' Resp. at 6. Yet, there is no indication that the third-party beneficiaries in <u>Barnum</u> or <u>Sidik</u> were aware of the provisions in the contracts at issue in those cases, either. And Plaintiffs do not cite to case law holding that a one-year limitations period in a contract is void as against public policy under New York law. The Court does not believe Plaintiff could have done so, anyway. <u>See Sidik</u>, 348 F. Supp. 3d at 214.

Plaintiffs' claims under the Inspection Contracts accrued at the latest in 2014 and 2015 (when Walton and Maddison terminated their employments with Defendant, respectively). <u>See</u> Rizzo Decl. ¶¶ 9, 11. Plaintiffs, however, commenced this action in 2017, i.e., two to three years after the claims accrued. Dkt. No. 1. Accordingly, their third-party beneficiary claims based on the Inspection Contracts are time-barred.

> b.  The Inspection Contracts Do Not Entitle Plaintiffs to Prevailing Wages

> *(1)  Breach of Contract*

Second, Defendant alternatively argues that Plaintiffs' breach of contract claims stemming from the Inspection Contracts must fail because those agreements do not provide Plaintiffs and similarly-situated employees prevailing wages for their work. Def.'s Mem. at 9–10. The Court agrees.

As noted by the <u>Ramos</u> court:

> New York courts have held that, in order for workers to bring a third-party breach of contract claim under NYLL section 220, the contract between the employer and the municipality must expressly state that a prevailing wage will be paid. <u>See, e.g.</u>, [Fata v. S. A. <u>Healy Co.</u>, 46 N.E.2d 339 (1943)] (holding that the contractual

> obligation to pay the prevailing wages provided by the statute provides workers with the third-party enforcement rights); <u>Maldonado v. Olympia Mech. Piping & Heating Corp.</u>, 8 A.D.3d 348, 777 N.Y.S.2d 730, 731 (2d Dep't 2004) (a third party claim can be brought when the "contract between the employer and the municipality expressly provides for the [prevailing] wages to be paid"); <u>see also</u> <u>Seidel v. Hoffman Floor Covering Corp.</u>, No. 09–cv–4027(js)(wdw), 2012 WL 3064153 (E.D.N.Y. July 26, 2012) ("New York courts have indicated that a breach of contract claim depends on the actual insertion of Section 220's prevailing wage language into the contract.").

<u>Ramos</u>, 740 F.3d at 858.

Simply put, the Inspection Contracts do not affirmatively "state that the [Defendant] will pay prevailing wages." Rizzo Decl. ¶¶ 16–17 (citing Inspection Contracts). Because Plaintiffs are not owed prevailing wages under the Inspection Contracts, their third-party beneficiary claims brought to enforce those contracts mus fail.

Nevertheless, Plaintiffs argue that "if [NYLL] § 220 requires that public work be paid prevailing wages, the contractor may not avoid liability based on the presence or absence of contract language." Pls.' Resp. at 5. However, Plaintiffs' reliance on <u>Cox v. NAP Constr. Co.</u>, 10 N.Y.3d 592, in support of their argument is misplaced. Even if NYLL § 220 requires employers to pay prevailing wages to employees working at public entities, neither <u>Cox</u> nor any other case holds that those employees are still entitled to prevailing wages when they sue to enforce contracts that do not provide for such wages. See <u>Seidel</u>, 2012 WL 3064153, at *3 ("In <u>Cox</u>, as in <u>Fata</u>, there was no question that the defendants had entered into public works contracts that contained the prevailing wage provision in issue, and neither case addressed what happens where a plaintiff cannot prove that a promise to pay prevailing wages was actually made. As mentioned

12

already, <u>Fata</u> suggested that a laborer in this situation is limited to his statutory remedies [under

NYLL]." (internal citation omitted)).

Plaintiffs also argue that provisions in the Inspection Contracts absolving Defendant of

the obligation to pay prevailing wages are void as against public policy. Pls.' Resp. at 6–7. The

Court is not persuaded by Plaintiffs reliance upon <u>Wroble v. Shaw Envtl. & Infrastructure Eng'g</u>

<u>of New York, P.C.</u>, 88 N.Y.S.3d 21, 23 (App. Div. 2018) and <u>Singh v. Zoria Hous., LLC</u>, 83

N.Y.S.3d 488, 490 (App. Div. 2018) in support of their argument. <u>Wroble</u> hold that a contract

cannot "prohibit[] third-party actions for violation of prevailing wage payments" when the

contract provides prevailing wages, <u>Wroble</u>, 88 N.Y.S.3d at 22–23, while <u>Singh</u> holds that a

contract cannot compel a third-party beneficiary to exhaust administrative remedies before

enforcing a separate provision in the contract that provides prevailing wages, <u>Singh</u>, 83 N.Y.S.3d

at 490. Neither case holds that contracts forbidding payments of prevailing wages are void as

against public policy. That New York courts *require* contracts to expressly provide for prevailing

wages for third-party beneficiaries to seek such wages under those agreements suggests the

provisions in the Inspection Contracts prohibiting the payment of prevailing wages do not violate

public policy. <u>See</u> <u>Ramos</u>, 740 F.3d at 858.

In sum, the Court grants summary judgment for Defendant on Plaintiffs' breach of

contract claims stemming from the Inspection Contracts since those agreements do not entitle

Plaintiffs to prevailing wages.

### (2)  FLSA

Defendant argues that Plaintiffs are not owed prevailing wages under the FLSA "on

contracts that do not provide for the payment of prevailing wages." Defs.' Mem. at 10–11. The Court agrees.

Defendant relies on Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 361 (E.D.N.Y. 2007) in support of its argument. Sobczak observed that plaintiffs attempting to recover unpaid overtime at 1.5 times the prevailing wage rate under the FLSA "must first prove their entitlement to prevailing wages under state law as predicate for an FLSA recovery." 540 F. Supp. 2d at 361. This is because NYLL, and not the FLSA, provides for prevailing wages. Compare FLSA § 207(a)(1) (providing overtime compensation "at a rate not less than one and one-half times the *regular rate* at which [the employee] is employed") with NYLL § 220(3)(a) (mandating individuals who work at public institutions receive *prevailing wages*) (emphasis added). In Sobczak, the court found the plaintiff's had proven their entitlement to prevailing wages under New York law because the contracts at issue provided for prevailing wages. Id. at 357–61. Plaintiffs, as discussed above, are not owed prevailing wages in the Inspection Contracts. Hence, the question remains whether Plaintiffs may still recover unpaid overtime at 1.5 times the prevailing wage rate under the FLSA when the Inspection Contracts do not provide prevailing wages. With no guidance from the case law, the Court answers this question in the negative.

Since in this situation "the determination of the 'regular rate' for purposes of calculating overtime [under the FLSA] is a function of contractual arrangements," see Dong v. Ng, No. 08-CV-917, 2011 WL 2150544, at *6 (S.D.N.Y. Mar. 8, 2011), report and recommendation adopted by No. 08-CV-917, 2011 WL 2150545 (S.D.N.Y. May 31, 2011), Plaintiffs' FLSA claims rise and fall with the language included in the contracts under which they worked. Consequently, since the Inspection Contracts do not provide for prevailing wages, Plaintiffs cannot collect

unpaid overtime under the FLSA that is calculated off of the prevailing wage rate. To hold otherwise would allow Plaintiffs to make an end-run around the state restrictions on Plaintiffs' ability to seek prevailing wages as third-party beneficiaries discussed above.

In sum, the Court grants summary judgment for Defendant on Plaintiffs' FLSA claims stemming from the Inspection Contracts because, once again, those agreements do not entitle Plaintiffs to prevailing wages.

### c. NYLL Does Not Entitle Plaintiffs to Prevailing Wages for Testing and Inspection Work

Plaintiffs seek prevailing wages for "installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm, fire sprinkler, and security system equipment." Third Am. Compl. ¶¶ 2, 16, 34. Defendant argues Plaintiffs cannot recover prevailing wages for "inspection" and "testing" work under NYLL. Def.'s Mem. at 11–12. The Court agrees with Defendant.

NYLL limits recovery of prevailing wages to "construction, replacement, maintenance, and repair of public works." Erie Cty. Indus. Dev. Agency v. Roberts, 65 N.Y.S.2d 301, 305 (App. Div. 1983), aff'd, 472 N.E.2d 43 (N.Y. 1984). Plaintiffs rely on Ramos for the proposition that they are entitled to prevailing wages under NYLL for inspection and testing work. Pls.' Resp. at 7 (citing 740 F.3d at 854). Ramos in turn relies on a 2010 opinion from the New York State Department of Labor ("NYSDOL"), which held that testing and inspection work are types of "maintenance" covered by NYLL for the purposes of prevailing wages. 740 F.3d at 854. Yet the NYSDOL based its opinion on the fact that the defendant's "own documents had treated testing and inspection work as within the category of 'maintenance work'" covered by NYLL. Id. Here, the Inspection Contracts state "test & inspection [service] provided under this Agreement

does *not* include any maintenance . . . ." Rizzo Decl. Decl. ¶¶ 15–16 (emphasis added) (quoting Inspection Contracts). Thus, Ramos is not applicable on this set of facts. Plaintiffs further rely on a New York Court of Appeals decision that answered two questions certified by the Ramos court. Pls. Resp. at 7 (citing Ramos v. SimplexGrinnell LP, 21 N.E.3d 237 (N.Y. 2014)). That opinion, however, takes no view on whether inspection and testing work is covered by NYLL. Ramos, 21 N.E.3d 237.

As noted above, a third-party beneficiary does not possess rights greater than those afforded to the promisee under the contract. Barnum, 850 F. Supp. at 1234. Consequently, Plaintiffs are bound by the terms of the Inspection Contracts, which do not afford prevailing wages (let alone those for inspection and testing work). See Timberline Elec. Supply Corp. v. Ins. Co. of N. Am., 421 N.Y.S.2d 987 (App. Div. 1979), aff'd, 417 N.E.2d 1248 (N.Y. 1980) ("Any right Timberline has under the suretyship agreement arises because of Timberline's status as a third-party beneficiary. As such Timberline is bound by the conditions and limitations created by the contract.") (internal citation omitted).

In sum, even if the Court found that Defendant owed Plaintiffs prevailing wages under the Inspection Contracts (which, as discussed above, the Court has not done), Defendant would not owe prevailing wages for inspection and testing work.

### 2. *Quantum Meruit and Unjust Enrichment*

Under a theory of quantum meruit, Plaintiffs claim they are entitled to the "reasonable value" of the "numerous and valuable services" they performed at Defendant's request. Third Am. Compl. ¶¶ 67–69. Plaintiffs also claim Defendant owes them the difference between the amount public entities paid to Defendant, which was based on the prevailing wage rate, and the

amount Defendant actually paid to its employees for their work performed at those entities, which was based on a lower rate. Id. ¶¶ 70–74. Defendant argues that Plaintiffs cannot maintain their quantum meruit and unjust enrichment claims because they are "premised entirely on Plaintiffs' alleged contractual . . . entitlement to prevailing wages." Def.'s Mem. at 12–14. The Court agrees with Defendant.

Plaintiffs' quantum meruit and unjust enrichment claims stem from their purportedly contractually-based entitlement to prevailing wages. See Third Am. Compl. ¶¶ 29–36; 72. "It is well-settled that when a valid and enforceable written contract governs a given subject matter, recovery in quasi-contract is precluded." Jara v. Strong Steel Door, Inc., 872 N.Y.S.2d 691, 691 (N.Y. Sup. Ct. 2008) (citing, inter alia, Clark–Fitzpatrick, Inc. v. Long Is. R.R. Co., 516 N.E.2d 190, 193 (N.Y. 1987)). Since the Inspection Contracts between Defendant and public entities contain provisions governing whether Plaintiffs are entitled to prevailing wages, Plaintiffs' "quasi-contract claims, . . . quantum meruit and . . . unjust enrichment, must be dismissed." See id.

Plaintiffs' sole reliance on Johnson v. Carlo Lizza & Sons Paving, Inc., 160 F. Supp. 3d 605 (S.D.N.Y. 2016) in support of their claims is misguided. In Johnson, the court denied a motion to dismiss the plaintiffs' quantum meruit and unjust enrichment claims because the plaintiffs' could plead those claims in the alternative to breach of contract. Id. at 617. Here, Defendant has moved for summary judgment. "Of course, at summary judgment, if the parties agree that there was a valid contract on the same subject, pleading in the alternative under Rule 8(d) cannot save a claim of unjust enrichment." Okada v. Whitehead, No. 15-CV-1449, 2016 WL 9448482, at *14 (C.D. Cal. Nov. 4, 2016) ("At the complaint stage, pleading in the alternative is

17

acceptable, but in response to a motion for summary judgment plaintiff must in the face of defendant's evidence provide some response . . . ."), aff'd, 759 F. App'x 603 (9th Cir. 2019); see also Bolla v. Strickland, No. 07-CV-129, 2008 WL 11506700, at *2 (W.D. Pa. May 14, 2008), report and recommendation adopted by No. 07-CV-129, 2008 WL 11506698 (W.D. Pa. May 28, 2008), aff'd, 304 F. App'x 22 (3d Cir. 2008).

In sum, the Court grants summary judgment to Defendant on Plaintiffs' quantum meruit and unjust enrichment claims.

V.      **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiffs' Motion for Conditional Certification (Dkt. No 87) is **DENIED without prejudice**; and it is further

**ORDERED**, that Defendant's Motion for Partial Summary Judgment (Dkt. No 87) is **GRANTED**;[4] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

---

[4] The Court recognizes that the Inspection Contracts do not reflect the complete universe of contracts relevant to Plaintiffs' claims. Defendant does, too. See Def.'s Reply at 4 n.2 ("Plaintiffs cite to two contracts which state the work in the contracts will be paid at prevailing wage rates . . . . [Defendant] only moved on the contracts that did not contain prevailing wage provisions.") (internal citations omitted). As discussed above, the Court limits its dismissal of Plaintiffs' breach of contract, FLSA, quantum meruit, and unjust enrichment claims to those based on the contracts Defendant submitted with its Motion for Partial Summary Judgment, i.e., the Inspection Contracts. At this time, the Court takes no position on whether Plaintiffs may pursue these claims arising out of other contracts that may be relevant to Plaintiffs' claims in this case.

DATED:       February 27, 2020
             Albany, New York

Lawrence E. Kahn
U.S. District Judge