UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KEVIN T. MADDISON and DAVID WALTON,
individually and on behalf of
all other persons similarly situated,

                            Plaintiffs,

    -against-                                      5:17-CV-0359 (LEK/ATB)

COMFORT SYSTEMS USA (SYRACUSE), INC.,
d/b/a ABJ FIRE PROTECTION CO., INC.,

                            Defendant.
_____

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

This case returns to the Court on yet another motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. That motion addresses Plaintiffs Kevin T. Maddison and David Walton's third amended complaint, which alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York State law, based on Defendant's failure to provide prevailing wages and adequate overtime pay to its employees. Dkt. Nos. 101 ("Third Amended Complaint"); 103 ("Third Motion to Dismiss"); 103-3 ("Defendant's Memorandum"). Plaintiffs have filed a response to Defendant's Third Motion to Dismiss, Dkt. No. 111 ("Response"), to which Defendant has filed a reply, Dkt. No. 113 ("Reply").

For the reasons that follow, Defendant's Third Motion to Dismiss is granted in part and denied in part.

**II.    BACKGROUND**

**A. Factual Background**

The Court draws all facts, which are assumed to be true, from the Complaint. Bryant v. N.Y. State Educ. Dep't, 692 F.3d 202, 210 (2d Cir. 2012).

Defendant's employees complete work for "both public and private customers throughout New York State" "doing various types of electrical and sprinkler work including, but not limited to, installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm, fire sprinkler, and security system equipment." Third Am. Compl. ¶¶ 2, 28. Defendant employed Maddison from May 2011 through May 2015 and Walton from 2011 through March 2014. Id. ¶¶ 48–49. Defendant entered into various "public works contracts" with its clients. Id. ¶¶ 29–30. In those contracts, Defendant "as a matter of fact or by operation of law" was obligated to pay prevailing wages to those of its employees who performed work on the public works projects. Id. ¶ 30. Defendant "willfully failed" (1) to pay Plaintiffs and other employees wages at the prevailing rate for work performed on public works projects; (2) to pay these employees overtime pay at 1.5 times the prevailing wage rate; and (3) to credit the hours for "both public and private work" that Plaintiffs and other employees "spent traveling between worksites during the workday toward[] the 40 hours necessary before overtime wages would be paid." Id. ¶¶ 35–38, 65.

In Plaintiffs' first cause of action, they allege that Defendant willfully violated the FLSA by failing to pay Plaintiffs and similarly situated employees (the "FLSA Class") overtime at a rate of 1.5 times the prevailing wage. Id. ¶¶ 54–57. In the second cause of action, they aver that Plaintiffs and a putative class of employees (the "Rule 23 Class") were third-party beneficiaries of Defendant's "public works contracts," and that Defendant breached its contractual obligations by failing to pay members of the class wages at the prevailing rate and to provide supplemental

benefits. Id. ¶¶ 58–62. In the third cause of action, Plaintiffs allege that Defendant willfully violated New York Labor Law ("NYLL") by failing to credit travel time toward the forty hour threshold before paying overtime to Plaintiffs and similarly-situated employees (the "NYLL Class"). Id. ¶¶ 63–66. The final two causes of action plead quantum meruit and unjust enrichment on behalf of Plaintiffs and all proposed class members. Id. ¶¶ 67–74.

### B. Procedural History

The Court recounted the "long and somewhat convoluted procedural history" of this case in a previous Memorandum-Decision and Order, familiarity with which is assumed. Dkt. No. 106 ("February 2020 Memorandum-Decision and Order") at 2–4.

### III. LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (citing Twombly, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Put another way, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. In assessing whether this standard has been met, courts "must accept all allegations in the complaint as true and draw all inferences in the light most favorable to the non-moving party[] . . . ." In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007) (internal citation omitted).

3

The Second Circuit has held that "in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013). "Determining whether a plausible claim has been pled is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (citing Iqbal, 556 U.S. at 679).

Furthermore, "[i]n light of the fact that [t]he relevant portions of New York Labor Law do not diverge from the requirements of the FLSA, [the Court's] conclusions . . . about the FLSA allegations appl[y] equally to [the NYLL] state law claims." DeJesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 89 n.5 (2d Cir. 2013), cert. denied, 571 U.S. 1128 (2014) (internal quotation marks and citations omitted); see also Hernandez v. NJK Contractors, Inc., No. 09-CV-4812, 2015 WL 1966355, at *39 (E.D.N.Y. May 1, 2015) ("The NYLL incorporates and restates the FLSA, such that the analysis of overtime claims under the NYLL is generally the same as under the FLSA.") (citing 12 N.Y.C.C.R. § 142–3.2).

**IV.     DISCUSSION**

Defendant seeks dismissal of Plaintiffs' first and third causes of action, i.e, their FLSA and NYLL overtime claims. Def.'s Mem. at 4–9.

**A.  FLSA Claims**

Defendant argues that Plaintiffs' FLSA claims are time-barred because Plaintiffs did not timely file written consents for opting into this lawsuit. Def.'s Mem. at 4–5. The Court agrees.

Plaintiffs seek to represent a class of similarly situated individuals under FLSA § 216(b). Third Am. Compl. ¶ 4. "Section 216(b) of the FLSA provides for any employee to bring a

collective action on behalf of himself or others 'similarly situated' as long as any employee willing to join such an action gives his consent in writing and that 'such consent is filed in the court in which such action is brought.'" Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 361–62 (E.D.N.Y. 2007) (quoting 29 U.S.C. § 216(b)). The limitations period for an FLSA collective action, which is three years if the violation is willful, "continues to run for each plaintiff—including the named plaintiff—until he or she files [the] written consent opting into the suit." Gorelick v. Home Attendant Servs. of Hyde Park, No. 08-CV-2011, 2009 WL 10706718, at *1 (E.D.N.Y. July 16, 2009) (citing 29 U.S.C. §§ 255(a); 256(a)–(b)); see also Harkins v. Riverboat Servs., Inc., No. 99-CV-123, 2002 WL 32406581, at *2 (N.D. Ill. May 17, 2002) ("Section 256 . . . requires that plaintiffs in a collective action, including the named plaintiffs, file a written consent and that suit is not 'commenced' for statute of limitations purposes until such consent is filed." (quoting Salazar v. Brown, No. 87-CV-961, 1996 WL 302673, at *10 (W.D.Mich. April 9, 1996)), aff'd, 385 F.3d 1099 (7th Cir. 2004).

     Since Plaintiffs are no longer employed by Defendant, Plaintiffs' claims accrued "no later than the date of the[ir] last paycheck[s]." See In re Allstate Ins. Co. Fair Labor Standards Litig., No. 04-CV-14, 2006 WL 8440792, at *1 (D. Ariz. Feb. 8, 2006). Plaintiffs do not allege when they received their last paychecks, but they allege that Maddison worked for Defendant until May 2015, while Walton worked until March 2014. Compl. ¶¶ 48–49. Assuming Maddison received his last paycheck sometime in 2015, while Walton received his in 2014, their claims are time-

barred because they did not file written consents opting into the lawsuit by 2018 or 2017, respectively.[1]

Plaintiffs argue that the Court should conclude their claims are not time-barred because concluding otherwise would "elevate[] form over substance in a way recognized by numerous courts." Resp. at 3. Yet Plaintiffs do not cite to a single case in which a court allowed a FLSA collective action to proceed even though the named plaintiff did not file a written consent within the limitations period. Rather, they rely upon two inapposite cases, Lijun Geng v. Shu Han Ju Rest. II Corp., No. 18-CV-12220, 2019 WL 4493429 (S.D.N.Y. Sept. 9, 2019) and Zhang v. Ichiban Grp., LLC, No. 17-CV-148, 2020 WL 1030651 (N.D.N.Y. Mar. 3, 2020). Both Lijun Geng and Zhang addressed which potential opt-in plaintiffs should receive notice of pending FLSA collective actions. See 2019 WL 4493429, at *16–17; 2020 WL 1030651, at *7–8. Neither case holds that a court may disregard the requirement that a named plaintiff must file a written consent opting into the lawsuit for that action to proceed. To the extent both cases state in passing that "[a]n FLSA action is commenced for a named plaintiff upon the date the complaint is filed, and for an opt-in plaintiff in a collective action upon the date written consent is filed with the court," Lijun Geng, 2019 WL 4493429, at *16 (citing § 256); Zhang, 2020 WL 1030651, at *7–8 (quoting Lijun Geng, 2019 WL 4493429, *16), that statement reflects a misreading of § 256. Indeed, § 256 explicitly states that a FLSA collective action is commenced for a named plaintiff only when he or she files written consent opting into the lawsuit:

---

[1] Plaintiffs proffer no evidence in their briefing to suggest they have ever filed the requisite written consents.

> [I]n the case of a collective or class action instituted under the [FLSA], it shall be considered to be commenced in the case of any individual claimant—
>
> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or
>
> (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced.

§ 256. Hence, the Court rejects Plaintiffs' argument for disregarding the clear directives of § 256. See Gorelick, 2009 WL 10706718, at *1 n.1, 2 (concluding that a FLSA collective action was time-barred because the plaintiff failed to file a written consent within the limitations period and noting that, while the requirements of § 256 "can create 'a trap for the unwary,' [they] should not be an obstacle for a plaintiff who is represented by counsel familiar with the statute and its requirements." (quoting Gonzalez v. El Acajutla Rest., Inc., No. 04-CV-1513, 2007 WL 869583, at *5 (E.D.N.Y. Mar. 20, 2007)).

In sum, the Court concludes that Plaintiffs' FLSA claims are time-barred. However, as discussed further below, the Court will provide Plaintiffs with a final opportunity to amend their complaint. If Plaintiffs file an amendment, they must plausibly suggest either that they timely filed written consents opting into this lawsuit or, if such consents were filed late, that equitable tolling or estoppel excuses the untimely filings.

### B.  NYLL Overtime Claims

Defendant argues that Plaintiffs' NYLL overtime claims must be dismissed because

Plaintiffs failed to exhaust their administrative remedies under Article 8 of the NYLL, § 220. Def.'s Mem. at 5–8. The Court disagrees.

Plaintiffs allege that Defendant failed to credit the hours for "both public and private work" that Plaintiffs and other employees "spent traveling between worksites during the workday toward[] the 40 hours necessary before overtime wages would be paid." Compl. ¶¶ 35–38 (emphasis added).

As the Court previously observed:

> Under New York law, the requirement that workers engaged in "public works" should be paid at prevailing wages reaches back at least to 1905, when Article 1, Section 17 of the State's Constitution was passed. The amendment stated that no worker "engaged in the performance of any public work, shall be . . . paid less than the rate of wages prevailing in the same trade or occupation in the locality within the state where such public work is to be situated, erected or used." N.Y. Const. art. I. § 17.
>
> The portion of the NYLL at issue here—section 220—is, as the district court put it, a "codification" of that amendment. [Ramos v. SimplexGrinnell LP, 796 F. Supp. 2d 346, 352 (E.D.N.Y. 2011)]. Section 220 . . . states that every public works contract must provide that all laborers employed by the contract will be paid prevailing wages. N.Y. Lab. Law 220(3)(a). It also furnishes administrative mechanisms to enforce this requirement. Id. § 220(3)(e).

Feb. 2020 Mem.-Decision and Order at 9 (quoting Ramos v. SimplexGrinnell LP, 740 F.3d 852, 855–56 (2d Cir. 2014)). Employees must pursue their remedies through these administrative mechanisms before filing suit under § 220. See Igene v. Miracle Sec., Inc., No. 12-CV-149, 2013 WL 5502868, at *3 (E.D.N.Y. Oct. 2, 2013).

Defendant argues that Plaintiffs failed to exhaust their administrative remedies under § 220. Def.'s Mem. at 6. Plaintiffs do not argue that they have exhausted any administrative

8

remedies in support of their claims. Rather, Plaintiffs respond that they have brought their overtime claims under Article 19 of the NYLL, § 650, *et seq.* (the "New York Minimum Wage Act" or "Act"), not § 220, and that the Act does not have an exhaustion requirement. Resp. at 6.

The Court observes that the Third Amended Complaint does not clarify which provision of the NYLL supports Plaintiffs' overtime claims. Rather, it states in passing that Plaintiffs and other putative class members "are individuals who are or were laborers, workmen or mechanics as defined by Article 8 of the New York Labor Law." Third Am. Compl. ¶ 8. As noted above, Article 8 includes § 220. Thus, to the extent Plaintiffs intended to assert overtime claims under § 220, those claims are now abandoned because Plaintiffs assert in their Response that they have brought their overtimes claims under the Act. See Henry v. Cayuga, No. 19-CV-618, Dkt. No. 23, at 11 (N.D.N.Y. Mar. 31, 2020) (Kahn, J.) (concluding that the plaintiff in his opposition briefing had abandoned one theory of municipal liability for another theory) (citing Holmes v. Cty. of Montgomery, No. 19-CV-617, 2020 WL 1188026, at *4 (N.D.N.Y. Mar. 12, 2020) (Kahn, J.)). Given that Plaintiffs have "made a legal argument [for liability under the Act] that makes use of existent allegations," the Court will consider whether Plaintiffs have stated plausible claims against Defendant under that provision. See Jennings v. Hunt Companies, Inc., 367 F. Supp. 3d 66, 71 (S.D.N.Y. 2019).

The Act requires employers to pay their employees, subject to certain exemptions, overtime at 1.5 times the *regular* wage rate. See Ethelberth v. Choice Sec. Co., 91 F. Supp. 3d 339, 357 n.16 (E.D.N.Y. 2015). Section 220, on the other hand, requires employers to pay their employees at 1.5 times the *prevailing* wage rate. See Hernandez, 2015 WL 1966355, at *41.

Unlike § 220, the Act does not have an exhaustion requirement. See Ethelberth, 91 F. Supp. 3d at 358.

Defendant argues that "[e]ven if Plaintiffs purport to bring their claims under a different section of the NYLL, their NYLL overtime claim[s] still fail[]" because "the case law indicates that [P]laintiffs' state statutory unpaid overtime claims for work on public works projects are nonetheless governed by NYLL § 220." Def.'s Mem. at 7 (quoting Almazo v. M.A. Angeliades, Inc., No. 11-CV-1717, 2016 WL 5719748, at *3 (S.D.N.Y. Sept. 29, 2016)). Defendant further argues that because "Plaintiffs [] use other [] provisions [of the NYLL] to evade the NYLL § 220 administrative exhaustion requirements," Plaintiffs' claims must be dismissed. Id. at 8. Almazo, like this case, addressed overtime claims under the Act instead of § 220. See Almazo, 2016 WL 5719748, at *2. Yet Almazo dealt with claims for overtime compensation based on the prevailing wage rate. See id. at *4. Because § 220, rather than the Act, addresses claims for overtime payments predicated on the prevailing wage, the Almazo court found that the plaintiffs needed to pursue their claims under the former provision. See id. at *3–4.

Here, "Plaintiffs' travel time overtime claims do not ask the Court to apply a prevailing wage rate to any of their work hours, or apply prevailing wage fringe benefits, or do anything at all to apply prevailing wages to the proper number of overtime hours the Plaintiffs and class members should be paid." Resp. at 6. Consequently, Plaintiffs properly brought their overtime claims under the Act. See Ethelberth, 91 F. Supp. 3d at 358–61 (finding that the plaintiff could maintain separate claims under §§ 220 and the Act because one cause of action was for prevailing wages while the other was for overtime paid at 1.5 times the regular wage rate); see also Metevier v. CARR Properties, Inc., No. 15-CV-3039, 2016 WL 5793742, at *7 (S.D.N.Y.

Sept. 30, 2016) (noting that non-prevailing wage claims may be brought under the Act); Stennett v. Moveway Transfer & Storage, Inc., 949 N.Y.S.2d 91, 94 (2d Dep't 2012) (same).[2, 3]

Finally, Defendant argues that Plaintiffs have not pled their NYLL overtime claims with "sufficient particularity." Reply at 6. However, "the Court declines to address this argument because Defendant first raised it in its Reply." See Hensel v. City of Utica, No. 15-CV-374, 2020 WL 1451579, at *12 (N.D.N.Y. Mar. 25, 2020) (Kahn, J.) (citing Schuh v. Druckman & Sinel, L.L.P., 602 F. Supp. 2d 454, 465 (S.D.N.Y. 2009)).

In sum, Plaintiffs' NYLL overtime claims may proceed.

**C. Leave to Amend**

As noted above, the Court has dismissed Plaintiffs' FLSA claims. Although the Court has provided Plaintiffs multiple opportunities to amend their complaint, the Court is "aware of the harsh consequences to [P]laintiff[s] were [it] to dismiss [this] case based on pleading deficiencies" and "believe[s] such an outcome means focusing too much on the quality of

---

[2] To the extent that the Almazo court read Ethelberth to require claims for overtime payments stemming from public works projects to be brought under § 220, not the Act, the Court disagrees with this reading of the case. While Ethelberth does not clarify whether the plaintiff could bring a claim under the Act for overtime earned on public works projects, the court observed that "Ethelberth did not receive wages at one and one-half times his [regular] wage rate for hours he worked above 40 hours a week, which generally occurred at [private] sites, but also included some [public] sites." 91 F. Supp. 3d 339 at 348. This observation suggests that the court in fact found that the plaintiff's claim for overtime payments stemming from both public and private work was properly brought under the Act.

[3] Defendant also relies upon Brandy v. Canea Mare Contracting, Inc., 825 N.Y.S.2d 230, 232 (2d Dep't 2006) for the proposition that Plaintiffs' claims for overtime earned on public works projects must still be governed by § 220. Def.'s Mem. at 7–8. However, Brandy, like Almazo, is also distinguishable in that the plaintiffs in Brandy sought compensation at the prevailing wage rate, rather than at the regular rate. 825 N.Y.S.2d at 230. Therefore, Defendant's reliance upon Brandy does not warrant a different result.

[P]laintiff[s'] counsel and not enough on the quality of [P]laintiff[s'] claims." See Glob. Energy & Mgmt., LLC v. Xethanol Corp., No. 07-CV-11049, 2009 WL 464449, at *4 (S.D.N.Y. Feb. 24, 2009). Therefore, the Court "will grant [Defendant's] motion to dismiss [in part], but [] also will afford [P]laintiff[s] one final opportunity to amend [their] complaint, as permitted under [Federal Rule of Civil Procedure] 15(a)." See id.[4]

## V.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Third Motion to Dismiss (Dkt. No. 103) is **GRANTED in part**. Plaintiffs' FLSA claims are **dismissed without prejudice**; and it is further

**ORDERED**, that Plaintiffs may move to replead their FLSA claims within **thirty days** of the date of this Memorandum-Decision and Order; and it is further

**ORDERED**, that Defendant's Third Motion to Dismiss is otherwise **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   May 20, 2020
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge

---

[4] Rule 15(a)(2) in turn states, "The Court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2).