UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

KEVIN T. MADDISON and DAVID WALTON,
individually and on behalf of
all other persons similarly situated,

                Plaintiffs,

   -against-                                    5:17-CV-0359 (LEK/ATB)

COMFORT SYSTEMS USA (SYRACUSE), INC.,
d/b/a ABJ FIRE PROTECTION CO., INC.,

                Defendant.

## **DECISION AND ORDER**

**I. INTRODUCTION**

This case returns to the Court on Plaintiffs Kevin T. Maddison and David Walton's objections, Dkt. No. 127 ("Objections"), to Magistrate Judge Andrew T. Baxter's text order denying Plaintiffs' motion to file a fourth amended complaint, Dkt. No. 124 ("July 31 Order"). Defendant argues that the denial was proper due to the futility of a subsequent amendment and requests that the Court sanction Plaintiffs for filing their Objections and for their motion to file a fourth amended complaint. Dkt. No. 129 ("Defendant's Response").

**II. BACKGROUND**

    **A. Factual Background**

Plaintiffs' factual allegations are detailed in a previous Memorandum-Decision and Order, Dkt. No. 116 ("May 2020 Memorandum-Decision and Order"), familiarity with which is assumed. See May 2020 Mem.-Decision and Order at 2–3. For convenience, the Court summarizes them here.

Defendant's employees complete electrical and sprinkler work for both public and private customers throughout New York. Dkt. No. 101 ("Third Amended Complaint") ¶¶ 2, 28. Defendant employed Maddison from May 2011 to May 2015 and Walton from 2011 to March 2014. Id. ¶¶ 48–49. Defendant entered into various "public works contracts" with clients by which it was obligated to pay prevailing wages to the employees who performed work on the projects. Id. ¶¶ 29–30. Defendant "willfully failed" to pay Plaintiffs and other employees wages at the prevailing rate for work performed or credit the hours that Plaintiffs and other employees spent traveling between work sites during the workday. Id. ¶¶ 35–38, 65.

In Plaintiffs' first cause of action, they allege that Defendant willfully violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs and similarly situated employees overtime at a rate of 1.5 times the prevailing wage. Id. ¶¶ 54–57. In Plaintiffs' second cause of action, they allege that they and a putative class of employees were third-party beneficiaries of Defendant's "public works contracts," and that Defendant breached its contractual obligations by failing to pay members of the class wages at the prevailing rate and provide supplemental benefits. Id. ¶¶ 58–62. In Plaintiffs' third cause of action, they allege that Defendant willfully violated New York Labor Law ("NYLL") by failing to credit travel time toward Plaintiffs' forty-hour threshold before paying overtime to Plaintiffs and similarly-situated employees. Id. ¶¶ 63–66.

**B. Procedural History**

The Court recounted the "long and somewhat convoluted procedural history" of this case in another previous Memorandum-Decision and Order, familiarity with which is assumed. Dkt. No. 106 ("February 2020 Memorandum-Decision and Order") at 2–4. Following the events

recounted in that decision, the Court dismissed Plaintiffs' FLSA claims and granted them "a final opportunity to amend their complaint." See May 2020 Mem.-Decision and Order at 7. The Court specifically instructed Plaintiffs that in their subsequent amended complaint, "they must plausibly suggest either that they timely filed written consents opting into this lawsuit or, if such consents were filed late, that equitable tolling or estoppel excuses the untimely filings." Id. Plaintiffs filed a motion for leave to file a fourth amended complaint that would convert the collective action under the FLSA into an individual action. Dkt. No. 120.

### C. July 31 Order

Judge Baxter denied Plaintiffs' motion to file a fourth amended complaint as futile. See July 31 Order; Dkt. No. 126 ("Transcript") (detailing the reasons behind the July 31 Order).

In the Transcript, Judge Baxter stated that Plaintiffs' attempt to convert their collective FLSA claim into an individual claim was a "transparent attempt to fashion some viable federal claim that might allow [Plaintiffs] to go forward with a federal class action." Tr. at 12. He then said that there was no controlling authority discussing conversion but that under Harkins v. Riverboat Services, Inc., "if a named plaintiff wants to convert a collective action to an individual action . . . and avoid the requirements of filing a consent to join, they must make this 'intention clear . . . before the statute of limitations expire[s]." Tr. at 17 (quoting 385 F.3d 1099, 1101–02 (7th Cir. 2004)). Judge Baxter added that "[Plaintiffs'] counsel's departure from the directions [of the Court] in allowing a last ditch effort to frame a viable [FLSA] claim . . . opens up the issue of whether the latest effort to amend should be barred based on other factors, including . . . undue delay, bad faith or dilatory motive." Tr. at 13 (internal quotation marks omitted). Judge Baxter lastly concluded that "after four tries at framing a viable federal cause of

3

action . . . [Plaintiffs are] entitled to no more leeway" and stopped short of accusing Plaintiffs and their counsel of "bad faith in their repeated and unsuccessful efforts to salvage what seems to be a very marginal federal wage and hour case." Tr. at 13.

### D. The Objections

Plaintiffs object to the July 31 Order and state multiple times that the purpose of their Objections is to "avoid a waiver of appeal." Objs. at 1, 2. They also assert that for an individual FLSA case, no consent form needs to be filed and that there is no binding authority providing otherwise. Objs. at 3.

### E. Defendant's Response

Defendant responds that because Plaintiffs' main reason for objecting is to preserve their appeal rights, to which they cite to no legal authority, their Objections should be dismissed. Def.'s Resp. at 5. Defendant adds that Plaintiffs point to no legal error in the July 31 Order and "simply disagree without citing any legal or factual support." Id. at 6. Defendant further claims that Plaintiffs' conduct is sanctionable and that Defendant is entitled to "fees and costs for being forced to oppose both Plaintiffs' futile motion to amend, and now the meritless Objections." Id. at 5.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(a) "requires a district court to consider a party's timely objections to a magistrate judge's order deciding a 'pretrial matter not dispositive of a party's claim or defense' and to 'modify or set aside any part of the other that is clearly erroneous or is contrary to law.'" Williams v. Beemiller, Inc., 527 F.3d 259, 264 (2d Cir. 2008) (quoting Fed. R. Civ. P. 72(a)). A finding is clearly erroneous if "'on the entire evidence," [the

reviewing court] 'is left with the definite and firm conviction that a mistake has been committed." View 360 Sols. LLC. v. Google, Inc., No. 12-CV-1352, 2013 WL 12130430, at *3 (N.D.N.Y. Aug. 13, 2013) (quoting Snyder v. Louisiana, 552 U.S. 472, 487 (2008)). "An order is contrary to law 'if it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" View 360 at *4 (quoting New York v. Salazar, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011)).

A magistrate judge is due substantial deference when deciding a non-dispositive issue under Rule 72(a). Jones v. Smith, No. 09-CV-1058, 2015 WL 5750136, at *2 (N.D.N.Y. Sept. 30, 2015) ("Magistrate judges are afforded broad discretion in resolving non-dispositive disputes and reversal is appropriate only if their discretion is abused."); see also Moss v. Enlarged City Sch. Dist. of City of Amsterdam, 166 F. Supp. 2d 688, 670 (N.D.N.Y. 2001) ("That reasonable minds may differ on the wisdom of granting [a party's] motion does not mean that the decision is clearly erroneous or contrary to law.") (internal quotation marks omitted).

**IV.   DISCUSSION**

    **A.  July 31 Order**

The Court finds no clear error in Judge Baxter's July 31 Order and so it adopts the order and overrules Plaintiffs' Objections. Plaintiffs cite no legal authority supporting the proposition that an untimely collective action can be converted into a timely individual action, nor do they argue/demonstrate that Judge Baxter committed legal error on this point.

### B. Defendant's Request for Sanctions

The Court declines to sanction Plaintiffs based on their motion to amend and Objections. There is no controlling authority in this Circuit on conversion from a collective FLSA action to an individual one and so the issue of whether Plaintiffs' amendment could circumvent their lack of timeliness is genuinely debatable. "A court may impose sanctions under its inherent authority if 'it finds, by clear and convincing evidence, that the party or attorney knowingly submitted a materially false or misleading pleading, or knowingly failed to correct false statements, as part of a deliberate and unconscionable scheme to interfere with the Court's ability to adjudicate the case fairly.'" Usherson v. Bandshell Artist Mgt., No. 19-CV-6368, 2020 WL 3483661, at *9 (S.N.D.Y. June 26, 2020) (quoting Braun ex rel. Advanced Battery Techs., Inc. v. Zhiguo Fu, No. 11-CV-4383, 2015 WL 4389893, at *17 (S.D.N.Y. July 10, 2015)). To impose sanctions under the Court's inherent powers, "there must be clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." Cole v. Stephen Einstein & Assoc., P.C., 365 F. Supp. 3d 319, 337 (W.D.N.Y. 2019) (quoting United States v. Prevezon Holdings, Ltd., 305 F. Supp. 3d 468, 478–79 (S.D.N.Y. 2018)) (internal quotations omitted).

"Imposition of sanctions under a court's inherent powers requires a specific finding that an attorney acted in bad faith." Wolters Kluwer Fin. Servs., Inc. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009). Any finding of bad faith "must be supported by a high degree of specificity in the [court's] factual findings." Rock v. Enfants Riches Deprimes, LLC, No. 17-CV-2618, 2020 WL 468904, at *2 (S.D.N.Y. Jan. 29, 2020) (internal quotation marks omitted); see also Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 362 (S.D.N.Y. 2006), aff'd, 249 F.App'x

6

845 (2d Cir. 2007) ("In considering whether there has been bad faith, the court may consider the manner in which the action was brought and the manner in which it was litigated."). Bad faith may be inferred when "an attorney engages in conduct that is so objectively unreasonable that he necessarily must have been acting in bad faith." Id. (quoting Forman v. Mt. Sinai Med. Ctr., 128 F.R.D. 591, 600 (S.D.N.Y. 1989)).

### 1. For Plaintiffs' filing their Motion to Amend

Although Plaintiffs' motion to file a fourth amended complaint was not responsive to the Court's specific instructions, Plaintiffs did not contradict binding authority in attempting to convert their collective action into an individual one to subvert the timeliness issue. If the issue being argued has not been conclusively resolved in this Circuit, then the issue is genuinely debatable. If the issue is genuinely debatable, then it could not have been clear from Plaintiffs' perspective that their argument was incorrect. Even their failure to cite authority for their position does not demonstrate bad faith because there was no authority within this Circuit supporting either side's position.

### 2. For Plaintiffs filing Objections

Similarly, Plaintiffs' Objections to Judge Baxter's July 31 Order, while containing many meritless arguments, correctly pointed out that there was no controlling authority on whether a party could circumvent the timeliness issue by converting an untimely collective FLSA action into an individual action. For the reasons stated above, this also does not rise to a sanctionable offense. Because there is no evidence that Plaintiffs conduct was entirely without merit or motivated by improper purposes, the Court declines to impose sanctions upon Plaintiffs. See e.g., Wolters Kluwer Fin. Servs., Inc., 564 F.3d at 114 (conditioning sanctions based on a court's

inherent authority on "clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes.").

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, Plaintiffs' Objections (Dkt. No. 127) are **OVERRULED**, and Judge Baxter's July 31 Order (Dkt. No. 124) denying Plaintiffs' motion to file a fourth amended complaint (Dkt. No. 120) is **AFFIRMED**; and it is further

**ORDERED**, that Defendant's request for sanctions (Dkt. No. 129) is **DENIED**; and it is further

**ORDERED**, that the clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**[1]

DATED: November 16, 2020
Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] Due to the delays and disruptions caused by the COVID-19 pandemic, some cases/motions were not disposed of prior to the end of the reporting period.

8