UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

KEVIN T. MADDISON and DAVID WALTON,
*individually and on behalf of others similarly situated*,

                            Plaintiffs,

   -against-                                      5:17-CV-359 (LEK/ATB)

COMFORT SYSTEMS USA (SYRACUSE),
INC. d/b/a ABJ FIRE PROTECTION CO.,
INC.,

                            Defendant.

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT

WHEREAS, the Plaintiffs (for themselves and on behalf of a proposed settlement class) and Defendant have, contingent on Court approval, entered into a Settlement Agreement that is intended to resolve the above-captioned litigation; and

WHEREAS, the Settlement Agreement, together with supporting materials, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action; and

WHEREAS, the Court has before it Plaintiffs' unopposed Motion for Preliminary Approval of Settlement and Memorandum of Law in Support of Motion for Preliminary Approval of Settlement, together with the Settlement Agreement, proposed Settlement Class Notice, and supporting materials; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, informed, arm's length settlement negotiations between competent and experienced counsel for both Plaintiffs and Defendant, and is sufficiently fair, reasonable, and adequate to warrant sending the proposed Settlement Class Notice to the

members of the proposed Settlement Class, as elaborated on in the corresponding Memorandum-Decision and Order.

**ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:**

1. Capitalized terms shall have the meanings assigned to them in the Settlement Agreement. Dkt. No. 169-2.

2. The terms of the Parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that said settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order and the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23 the Court preliminarily and conditionally certifies the following settlement class: All individuals who worked for Comfort Systems USA (Syracuse), Inc. d/b/a ABJ Fire Protection Co., Inc. from March 30, 2011 through May 30, 2015 performing electrical or sprinkler work such as installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm, fire sprinkler and security system equipment.

4. The Court approves the Settlement Class Notice attached hereto as Exhibit C. Dkt. No. 169-4. The Court also approves the notice process as set forth on pages 7–9 of the Settlement Agreement. The Court finds that the Settlement Class Notice is accurate, objective, and informative, and the best practicable means of providing reasonable notice to the Settlement Class of the settlement and its effect, the payment process, how to object or opt-out, the time/place of the Final Approval Hearing, and the application made

by Class Counsel for attorneys' fees and costs, and Settlement Class Representative Award for the Named Plaintiffs.

5. The Court preliminarily finds that Named Plaintiffs, Kevin T. Maddison and David Walton, are adequate class representatives for the proposed Settlement Class.

6. Counsel for the Settlement Class ("Class Counsel") is as follows:

> Jason J. Rozger, Esq.
> Menken Simpson & Rozger LLP
> 80 Pine Street, 33rd Floor New York, NY 10005
> Telephone (212) 509-1616
> Facsimile (212) 509-8088

7. Beginning no later than **thirty (30) days** from the date of this Order, the Settlement Administrator shall cause to be disseminated the Settlement Class Notice, substantially in the form attached as Dkt. No. 169-4, Exhibit C, in the manner set forth in the Settlement Agreement. Such notice will be completed expeditiously pursuant to the terms of the Settlement Agreement. Settlement Class members will have **sixty (60) days** from the date of this Order to opt out or to file objections to the settlement. Prior to the Final Approval Hearing, Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

8. Distribution of the Notice by the Settlement Administrator in the manner as set forth in the Settlement Agreement is hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, Due Process, the Constitution of the United States, the laws of New York and all other applicable laws.

9. Any member of the Settlement Class who wishes to be excluded ("opt out") from the Settlement Class must send a written request for exclusion to the Settlement Administrator at the address indicated in the Settlement Class Notice on or before the close of the opt out period. The request for exclusion shall fully comply with the requirements set forth in the Settlement Agreement and Settlement Class Notice. Members of the Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator.

10. Any member of the Settlement Class who does not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of the Settlement Agreement (if the settlement is finally approved by the Court), whether or not such person objected to the Settlement and whether or not such person cashed a settlement check pursuant to the Settlement Agreement.

11. Class Counsel are authorized to retain Arden Claims Service LLC, 322 Main Street, Port Washington, NY11050 as Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The expenses associated with the Settlement Administrator shall be paid from the Settlement Amount as provided in the Settlement Agreement, including any reasonable costs incurred in notifying members of the Settlement Class.

12. A hearing on final settlement approval (the "Final Approval Hearing") is hereby scheduled to be held on November 2, 2023, at 10:30 AM, at the James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York 12207, or by videoconference or teleconference if determined by separate order, to consider whether the settlement should

be fully, finally, and unconditionally approved, including the fairness, the reasonableness, and adequacy of the proposed settlement; the dismissal with prejudice of this class action with respect to Defendant; the enjoining of all class members from prosecuting against Defendant and any released party any released claims; and the entry of final judgment in this class action consistent with the terms of the Parties' Settlement Agreement. Class Counsel's application for an award of attorney's fees and costs and Settlement Class Representative Award for Named Plaintiffs shall be heard at the time of the Final Approval Hearing.

13. The date and time of the Final Approval Hearing shall be set forth in the Settlement Class Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

14. Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

15. Any person who does not elect to be excluded from the Settlement Class may, but need not, submit comments or objections to the proposed Settlement Agreement. Any Settlement Class member may object to the proposed settlement, and Class Counsel's application for fees and expenses and Settlement Class Representative Award for the Named Plaintiffs, by serving a written objection.

16. Any Settlement Class member making the objection (an "objector") must sign the objection personally. An objection must state why the objector objects to the proposed

settlement and provide the basis to support such position. Any objection must comply with the terms of the Settlement Agreement, the Settlement Class Notice, and be timely submitted. If an objector intends to appear personally at the Final Approval Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

17. Objections, along with any notices of intent to appear, must be filed no later than **sixty (60) days** from the date of this Order. If counsel is appearing on behalf of more than one objector, counsel must identify each such objector and each objector must have complied with the requirements of this Order. These documents must be filed with the Clerk of the Court at the following address:

> Clerk of the Court
> U.S. District Court for the Northern District of New York
> James T. Foley United States Courthouse
> 445 Broadway
> Albany, NY 12207

18. Only Settlement Class Members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class Member who does not timely file and serve an objection in writing to the settlement, or to Class Counsel's application for fees, costs, expenses, and Settlement Class Representative Award for Named Plaintiffs, in accordance with the procedure set forth in the Settlement Class Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be foreclosed from raising any objection, and any untimely objection shall be barred.

19. Persons wishing to be heard at the Final Approval Hearing are required to file written comments or objections and indicate in their written comments or objections their

intention to appear at the Final Approval Hearing. Settlement Class Members need not appear at the hearing or take any other action to indicate their approval.

20. If the Court does not enter a Final Approval Order, the settlement is terminated pursuant to the Settlement Agreement, or the Settlement Effective Date does not occur for any reason, the Settlement Agreement shall be deemed null and void, and the Settlement Agreement and this Order shall not be used for any purpose whatsoever in any further proceeding(s) either in this case, or any other suit, action, or proceeding; and the Parties will be returned to their respective positions, *nunc pro tunc* as those positions existed immediately prior to the execution of the Settlement Agreement. Neither the Settlement Agreement, nor the settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement, is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the Parties as a presumption, a concession, or an admission of, or evidence of, any fault, wrongdoing, or liability of the Parties or the validity of any released claim.

**IT IS SO ORDERED.**

DATED: May 3, 2023
Albany, New York

LAWRENCE E. KAHN
United States District Judge