UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
KEVIN T. MADDISON and DAVID WALTON,
individually and on behalf of
all other persons similarly situated,


                                Plaintiffs,

                                                    Case No 17 CV 359 (LEK)(ATB)

            -against-


COMFORT SYSTEMS USA (SYRACUSE), INC,
d/b/a ABJ FIRE PROTECTION CO., INC.

                                Defendant.
--------------------------------------------------------------------X

## <u>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>

This Court, having held a Final Approval Hearing on November 2, 2023, having

provided notice of that hearing in accordance with the Preliminary Approval Order, and having

considered all matters submitted to it in connection with the Final Approval Hearing and

otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval

of Class Action Settlement (the "Final Approval Order" or this "Order") and good cause

appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      Unless otherwise defined, all capitalized terms in this Final Approval Order

shall have the same meaning as they do in the Settlement Agreement, Dkt. No. 169-2.

2.      The Court finds that the Settlement Agreement was negotiated in good faith

and at arm's length by experienced counsel who were fully informed of the facts and

circumstances of the Action and of the strengths and weaknesses of their respective positions.

Further, settlement occurred only after extensive discovery and motion practice.   Counsel for

the Parties were therefore well positioned to evaluate the benefits of the Settlement

Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with

respect to numerous difficult questions of fact and law.

       3.      The Court makes the following findings and conclusions regarding notice of

the settlement to the Settlement Class Members:

          a.      The Settlement Class Notice was disseminated to persons in the

Settlement Class in accordance with the terms of the Settlement Agreement and the

Settlement Class Notice and its dissemination were in compliance with the Court's

Preliminary Approval Order;

          b.      The Settlement Class Notice:(i) constituted the best practicable notice

under the circumstances to potential Settlement Class Members, (ii) constituted notice that was

reasonably calculated, under the circumstances, to apprise Settlement Class Members of the

pendency of the Action, their right to object or to exclude themselves from the proposed

Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and

constituted due, adequate, and sufficient individual notice to all persons entitled to be provided

with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, 29 U.S.C. §

216, the United States Constitution, the Rules of this Court, and any other applicable law.

          c.      The Court finds that the notice obligations under the Class Action

Fairness Act, 28 U.S.C. § 1715, have been met in connection with the proposed Settlement.

       4.      The Court finally approves the Settlement Agreement as fair, reasonable and

adequate pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. The Court finds that

Named Plaintiffs and Class Counsel have adequately represented the class; the settlement

was negotiated at arm's length; the relief provided to the class is adequate taking into

account the factors set for at Fed. R. Civ. P. 23(e); and the settlement treats Settlement

Class Members equitably relative to each other. The terms and provisions of the Settlement

Agreement, including all exhibits thereto, have been entered into in good faith and are

hereby fully and finally approved as fair, reasonable, and adequate in all respects,

including as to, and in the best interests of, each of the Parties and the Settlement Class

Members.

> 5.      The Court approves the plan of distribution for the Settlement Amount as set

forth in the Settlement Agreement, including the payment of up to $8,000 to the Settlement

Administrator.   The Settlement Administrator is ordered to comply with the terms of the

Settlement Agreement with respect to distribution of the settlement funds.

> 6.      Class Counsel have moved for an award of attorneys' fees and reimbursement

of expenses. In reference to such motion, this Court makes the following findings of fact and

conclusions of law:

> > a.      that the Settlement confers substantial benefits on the Settlement Class
> > Members;

> > b.      that the value conferred on the Settlement Class is immediate and
> > readily quantifiable;

> > c.      that Settlement Class Members will receive cash payments that
> > represent a significant portion of the damages that would be available to them were they to
> > prevail in an individual action under the New York Labor Law for the Settlement Class
> > Members' travel time claims;

> > d.      that Class Counsel vigorously and effectively pursued the

Settlement Class Members' claims before this Court in this complex case;

       e.    that the Settlement was obtained as a direct result of Class Counsel's advocacy;

       f.    that the Settlement was reached following extensive negotiation between Class Counsel and Defendant's Counsel, and was negotiated in good faith and in the absence of collusion;

       g.    that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

11.    Accordingly, Class Counsel are hereby awarded $3,180.98 in expenses Class Counsel expended, and $16,369.51 for attorneys' fees from the Settlement Amount, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement.

12.    The two Named Plaintiffs are hereby compensated in the amount of $2,500 each for their efforts in this case.

13.    The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Named Plaintiffs and all other Settlement Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

14.    The Releases, which are set forth in Paragraph 2 of the Settlement Agreement, are fair, reasonable, and enforceable under the New York Labor Law, Fair Labor Standards

Act, and all other applicable laws, and are expressly incorporated herein in all respects. Upon the Final Approval Date, the Participating Settlement Class Members and Named Plaintiffs, by operation of the Final Judgment, have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Parties from the Released Claims. Settlement Class Members are accordingly forever barred and enjoined from prosecuting against Released Parties any of the Released Claims, with the exception of the reserved claims as set forth in paragraph 2.c of the Settlement Agreement.

16.     This Order and the Final Judgment to be entered pursuant to this Order shall be effective upon entry.   In the event that this Order and/or the Final Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

17.     The Court approves the Settlement Agreement and Releases, and expressly integrates and embodies them into this Order. This Court shall retain jurisdiction over the construction, interpretation, implementation, and enforcement of the Settlement Agreement and the Releases contained therein, including jurisdiction to enter such further orders as may be necessary or appropriate to administer and implement the terms and provisions of the Settlement Agreement.

18.     The Court certifies for settlement purposes the following class:

> All individuals who worked for Comfort Systems USA (Syracuse), Inc. d/b/a ABJ Fire Protection Co., Inc. from March 30, 2011 through May 30, 2015 performing electrical or sprinkler work such as installing, maintaining, inspecting, testing, repairing and/or replacing fire alarm, fire sprinkler and security system equipment.

19.     The Court acknowledges that the Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims, and Defendant does not admit any violation of law and does not admit any liability to the Named Plaintiffs or the Settlement Class Members, individually or collectively. Neither the Settlement Agreement nor any other papers submitted to this Court in connection with the Settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against any of the Parties for any purpose, except that the Settlement Agreement may be introduced in any proceeding for the sole purpose of enforcing its terms.

IT IS SO ORDERED.

DATED:      November 3, 2023
            Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge